■ JOYCE OESTREICH, as Administratrix of the Estate of HOLLY OESTREICH, Deceased, Appellant, v DANIEL L. PRESENT, M.D., et al., Respondents, et al., Defendant. [857 NYS2d 79]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 10, 2006, which granted defendants-respondents' motions for summary judgment dismissing the complaint, and order, same court and Justice, entered January 12, 2007, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to renew the prior motion, unanimously affirmed, without costs.

Defendants-respondents made a prima facie showing of entitlement to summary judgment dismissing this medical malpractice action by submitting affidavits from medical experts establishing that the treatment provided to plaintiff's decedent, including the recommendation for surgery, comported with good and accepted practice. In response, plaintiff failed to raise a triable factual issue, as her expert anesthesiologist's affirmation, based on assumptions that were not supported by the record, set forth general conclusions, misstatements of evidence and was insufficient to demonstrate that said defendants failed to comport with accepted medical practice or that any such failure was the proximate cause of decedent's injuries (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Coronel v New York City Health & Hosps. Corp., 47 AD3d 456 [2008]). The anesthesiologist based his opinion on the use of an eight millimeter endotracheal tube to intubate decedent during the surgery she underwent in April 2001, asserting that the size of the tube, which was inappropriate given decedent's size, weight and poor health, combined with the fact that a nasogastric tube was used for the duration of the surgery, which lasted nine hours, led to the development of an esophageal fistula. The record, however, demonstrates that a six millimeter tube was used and does not indicate anywhere that a nasogastric tube was

utilized. The expert also strenuously asserted that the injury was to decedent's trachea and not her esophagus, while plaintiff's bill of particulars refers to an injury to the esophagus.

Plaintiff's expert gastroenterologist similarly submitted a conclusory affirmation that fails to set forth how or why defendants departed from good and accepted medical practice. The expert suggests that the results of the diagnostic tests were inconsistent with a diagnosis of Crohn's disease of the esophagus, but fails to explain why they were inconsistent with the diagnosis or why the diagnosis was allegedly incorrect. This expert also fails to explain why the recommendation that decedent undergo a high-risk surgical procedure to address the condition was a deviation. The expert asserts that dilatation of the esophagus was possible at the time the recommendation for surgery was made and would have been the better course, but the record demonstrates that such a procedure was not possible at that time because attempts at passing a scope through decedent's esophagus were unsuccessful.

The court also properly denied the motion to renew. Although plaintiff submitted an affirmation of clarification from her expert anesthesiologist, she failed to provide a reasonable explanation as to why she had not offered this information in opposition to the prior motions (*see* CPLR 2221 [e] [3]; *Crawford v Sorkin*, 41 AD3d 278 [2007]). In any event, the new material would not have warranted a different result. Concur—Tom, J.P., Mazzarelli, Williams and Sweeny, JJ.