CLAUDIA EVART, Appellant, v PARK AVENUE CHIROPRACTIC, P.C., et al., Respondents. [926 NYS2d 491]—

Plaintiff slipped and fell in her apartment, suffering a cervical disc protrusion and radiculopathy. Her physician referred her for treatment by a number of specialists, including defendant chiropractor, Nancy Jacobs. Plaintiff claims that, during the course of her treatment, defendant and a covering chiropractor, Dr. Marsillo, both performed a sudden maneuver, which caused her head to be pushed forcefully forward and to the side, and that this event caused an exacerbation of her preexisting injuries. The court submitted to the jury a series of special interrogatories in support of a general verdict. Initially, the jury found that Marsillo departed from good and accepted chiropractic care in his treatment of plaintiff but that such departure was not a substantial factor in the happening of plaintiff's injuries. The jury then found that Jacobs did not depart from the standard of care. Following the instructions on the verdict sheet, the jury did not consider the question of informed consent, and reported the verdict to the court. On plaintiff's motion, the court resubmitted the interrogatories to the jury and directed that they answer the questions on informed consent. The jury then found that Jacobs failed to disclose the risks of "the procedure," that a prudent patient would not have consented to the procedure following disclosure, and that plaintiff was injured as a result.

Resubmitting the lack of informed consent questions to the jury was error. "Unquestionably, it is impossible for a lack of informed consent to cause a physical injury" (*Flores v Flushing*

*Hosp. & Med. Ctr.,* 109 AD2d 198, 201 [1985]). It is hornbook law that "proximate cause must be proved in a lack of informed consent cause of action" (*id.*); or stated another way, "it must be prove[d] both that no fully informed reasonable person would consent to the treatment and that the plaintiff in fact suffered an injury which medically was caused by the treatment" (*id.*).

Once the jury found that while Marsillo departed from good and accepted care but that neither Marsillo's nor Jacob's care was a substantial factor in causing plaintiff's injury, the informed consent questions were foreclosed.

Assuming, arguendo, that the questions were properly before the jury, the result would not change. Plaintiff did not submit sufficient evidence in support of her lack of informed consent claim. In order to establish a prima facie claim based upon failure to procure a patient's informed consent to a procedure, a plaintiff, pursuant to CPLR 4401-a, must first adduce expert testimony establishing that the information disclosed to the patient about the risks inherent in the procedure was qualitatively insufficient (*see Rodriguez v New York City Health & Hosps. Corp.,* 50 AD3d 464 [2008]). The expert offering the opinion must be qualified in the area of medicine at issue (*see Gershberg v Wood-Smith,* 279 AD2d 424 [2001]). In this case, plaintiff failed to put forth any such testimony, either through her experts, or upon cross-examination of defendants' witnesses. Thus, the evidence was insufficient, as a matter of law, to support the jury's finding that a reasonably prudent person in plaintiff's position would not have proceeded with treatment had she been fully informed of the risks, benefits and alternatives (Public Health Law § 2805-d [3]; *see Thompson v Orner,* 36 AD3d 791 [2007]). Concur—Mazzarelli, J.P., Catterson, DeGrasse, Abdus-Salaam and Román, JJ.