■ WILLIAM PENA, Respondent, v DONALD SLATER et al., Appellants, et al., Defendants. [954 NYS2d 50]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered May 18, 2011, which, to the extent appealed from, upon granting leave to renew and/or reargue defendants-appellants' motion for summary judgment, denied the motion as to defend-

ants Slater and Arthurs Limo, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against defendants Slater and Arthurs Limo (defendants).

Defendants made a prima facie showing of their entitlement to judgment as a matter of law. Defendants submitted evidence showing that defendant Slater was faced with an emergency situation not of his own making, when plaintiff's vehicle suddenly crossed over yellow double lines into his lane of traffic, leaving Slater with no opportunity to avoid a collision (*see Caban v Vega*, 226 AD2d 109, 111 [1st Dept 1996]; *Kenney v County of Nassau*, 93 AD3d 694, 696 [2d Dept 2012]). The police officer's testimony and report, to the extent they were based on her personal observations at the scene of the accident while carrying out police duties, were admissible in support of the motion (*see Holliday v Hudson Armored Car & Courier Serv.*, 301 AD2d 392, 396 [1st Dept 2003], *lv dismissed in part, denied in part* 100 NY2d 636 [2003]; CPLR 4518 [a]). Plaintiff's equivocal testimony that his vehicle had stopped at the double yellow lines and that he did not know whether his vehicle had ever crossed the yellow lines was insufficient to raise a triable issue of fact as to how the accident occurred or whether the emergency doctrine applied to relieve defendants of liability.

The court correctly declined to consider the handwritten statement, purportedly signed by an eyewitness, that plaintiff submitted in opposition to the motion. The statement was not in admissible form and plaintiff did not provide " 'any excuse for his failure to provide the [statement] in proper form' " (*Barile v Carroll*, 280 AD2d 988, 989 [4th Dept 2001], quoting *Grasso v Angerami*, 79 NY2d 813, 814 [1991]). Nor did plaintiff provide any information about how the statement was obtained, or why it was not submitted in opposition to the original motion for summary judgment. Speculation by counsel that defendant Slater's vehicle may have crossed over and hit plaintiff's vehicle before bouncing back into his lane of traffic, or that Slater could have avoided the accident if he had been driving slower or taken some other action, is insufficient to raise a triable issue of fact (*see Caban*, 226 AD2d at 111). Concur—Friedman, J.P., Sweeny, Moskowitz, Freedman and Román, JJ.