■ MERCEDES COLWIN, Respondent, v BRUCE KATZ, M.D., et al., Appellants, et al., Defendant. [997 NYS2d 383]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 16, 2014, which, insofar as appealed from, denied defendants Bruce Katz, M.D. and Bruce Katz, M.D., P.C.'s (defendants) motion for summary judgment dismissing the claim that defendant Bruce Katz, M.D. departed from accepted standards of care by performing overly aggressive surgery, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff failed to raise a triable issue of fact in opposition to defendants' prima facie showing as to her sole remaining claim, that defendant Katz, a dermatologist, performed overly aggressive liposuction of her abdomen, hips, and inner and outer thighs, using excessive force on the right side of her body and causing chronic lymphedema of her right lower extremity (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Defendants' expert's affirmation and plaintiff's medical records established that, while short-lived swelling or edema was expected at the site of liposuction, there was no evidence of a causal connection between the procedure and prolonged lymphedema, especially

in a remote site, five weeks later, and identified other likely causes for plaintiff's condition.

Plaintiff's submission, the affirmation of her expert, an internist, lacked probative value because the expert failed to profess the requisite personal knowledge on the issue of the existence of a deviation from the standard of care in the performance of liposuction, whether acquired through his practice or studies or on some other foundational basis (*see Romano v Stanley,* 90 NY2d 444, 452 [1997]; *Joswick v Lenox Hill Hosp.,* 161 AD2d 352, 355 [1st Dept 1990]). In any event, the expert minimized the nature and extent of plaintiff's past medical history and failed to address or controvert many of the points made by defendants' expert, for example, the exclusion of other possible causes for plaintiff's condition, the remoteness of the lymphedema in the right ankle and foot to the surgical site, and the delay in the onset of the condition (*see Limmer v Rosenfeld,* 92 AD3d 609 [1st Dept 2012]; *Abalola v Flower Hosp.,* 44 AD3d 522 [1st Dept 2007]). Concur—Renwick, J.P., Saxe, Moskowitz, DeGrasse and Richter, JJ. **[Prior Case History: 2014 NY Slip Op 30960(U).]**