LAURA FAUSTINI ANNUNZIATA et al., Appellants, v QUEST DIAGNOSTICS INCORPORATED, Respondent, et al., Defendants. [8 NYS3d 168]—

Judgment, Supreme Court, Bronx County (Howard H. Sherman, J.), entered June 4, 2013, dismissing the complaint as against defendant Quest Diagnostics Incorporated, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 8, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The issue before us is whether any claim by plaintiffs against defendant Quest Diagnostics Incorporated is subject to the three-year limitations period governing ordinary negligence actions (CPLR 214) as opposed to the 2½ year limitations period governing medical malpractice actions (CPLR 214-a). Plaintiffs' claims against Quest, a provider of clinical laboratory services,

stem from its alleged misreading of a Pap smear tissue sample. The complaint alleges that Quest was negligent in misreading the tissue sample. It is settled that a negligent act or omission "that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician constitutes malpractice" (*see Bleiler v Bodnar*, 65 NY2d 65, 72 [1985]). Laboratory services, such as Quest's, performed at the direction of a physician are an integral part of the process of rendering medical treatment (*see Spiegel v Goldfarb*, 66 AD3d 873, 874 [2d Dept 2009], *lv denied* 15 NY3d 711 [2010]). Accordingly, a claim stemming from the rendition of such services is a medical malpractice claim (*id.*).

Plaintiffs however make additional claims that Quest failed to properly employ a plan for error reduction and failed to adequately implement, maintain or supervise quality assurance. These claims cannot be distinguished from allegations of medical malpractice. In applying the statute of limitations, courts must look to the reality or essence of a claim rather than its form (*see Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669, 674-675 [1976]). The critical factor in distinguishing whether conduct may be deemed malpractice or ordinary negligence is the nature of the duty owed to the plaintiff that the defendant allegedly breached (*see Spiegel*, 66 AD3d at 874; *Pacio v Franklin Hosp.*, 63 AD3d 1130, 1132 [2d Dept 2009]). The additional claims put forth in this case would not be actionable in the absence of the misreading of the tissue sample, the basis of the malpractice claim. All of the regulatory infractions alleged by plaintiffs bear a substantial relationship to the rendition of medical treatment (*see e.g. Carter v Isabella Geriatric Ctr., Inc.*, 71 AD3d 443, 444 [1st Dept 2010], citing *Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 788 [1996]). *Rodriguez v Saal* (43 AD3d 272 [1st Dept 2007]), which plaintiffs cite, involves a claim against an organ procurement organization that "did not provide any type of medical treatment directly to [the] decedent" in that case (*id.* at 274). *Rodriguez* is distinguishable because, as plaintiffs conceded below, their claim that Quest misread the tissue sample sounds in medical malpractice. It necessarily follows from plaintiffs' concession as well as *Spiegel* that Quest rendered medical services in this case. Therefore, it cannot be argued that Quest's duty to plaintiffs stemmed from anything other than its role as a medical services provider. We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, DeGrasse, Clark and Kapnick, JJ.