■ GARY VOGT, Respondent, v IVAN G. HERSTIK, Appellant. [10 NYS3d 74]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 28, 2014, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff failed to raise a triable issue of fact in opposition to defendant's prima facie showing that he did not deviate or depart from accepted medical practice in his treatment of plaintiff's left foot (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]). Plaintiff's expert offered no evidentiary basis for his conclusion that defendant deviated from the standard of care in giving plaintiff two cortisone injections within a one-week period or his opinion that the eight mg dosage of cortisone given on each of those occasions was excessive. He merely stated conclusorily that defendant "should have waited a minimum of two weeks before the second injection."

Nor did plaintiff raise an issue of fact whether any such deviation by defendant was the proximate cause of his injury (*see Colwin v Katz*, 122 AD3d 523 [1st Dept 2014]). He failed to address defendant's expert's statement that the rupture of an Achilles tendon by the administration of cortisone injections has never been reported in the medical literature.

In view of the foregoing, plaintiff's claim of lack of informed consent must be dismissed (*see Flores v Flushing Hosp. & Med. Ctr.*, 109 AD2d 198, 201 [1st Dept 1985]). Concur—Tom, J.P., Friedman, Sweeny, Saxe and Clark, JJ.