# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1190**
**CA 15-00389**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

JESSICA KELLER, PLAINTIFF-APPELLANT,

V                                         MEMORANDUM AND ORDER

CARLA LIBERATORE, M.D., CNY OBSTETRICS &
GYNECOLOGY, P.C., DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

COTE & VANDYKE, LLP, SYRACUSE (JOSEPH S. COTE, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT.

MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (DANIEL P. LARABY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered April 24, 2014. The order and judgment granted the motion of defendants Carla Liberatore, M.D. and CNY Obstetrics & Gynecology, P.C., for summary judgment and dismissed the complaint against those defendants.

It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendants Carla Liberatore, M.D., and CNY Obstetrics & Gynecology, P.C., insofar as the first, second, and fourth causes of action assert a claim for medical malpractice or negligence with respect to perineal massage, and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries she allegedly sustained as a result of the treatment rendered by Carla Liberatore, M.D., and CNY Obstetrics & Gynecology, P.C. (defendants), during the birth of plaintiff's child. Plaintiff appeals from an order and judgment granting defendants' motion for summary judgment dismissing the complaint against them. We agree with plaintiff that Supreme Court erred in granting the motion with respect to her claim that defendants were negligent in failing to perform a perineal massage, and we therefore modify the order and judgment accordingly.

We agree with plaintiff that defendants failed to meet their initial burden on the motion with respect to the perineal massage claim inasmuch as their own submissions raise a triable issue of fact whether such a procedure was performed (*see Chavis v Syracuse Community Health Ctr., Inc.*, 96 AD3d 1489, 1490). In any event,

plaintiff's submissions also raised an issue of fact with respect to that claim (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562), and plaintiff's expert averred that failure to perform a perineal massage was a departure from the standard of care and a proximate cause of plaintiff's injury.  Contrary to defendants' contention that plaintiff's expert opined only in general terms that a perineal massage can reduce the incidence of tears, viewing the evidence in the light most favorable to plaintiff (*see Esposito v Wright*, 28 AD3d 1142, 1143), we conclude that plaintiff's expert averred with sufficient reference to this specific case that failure to perform the massage contributed to the fourth-degree laceration sustained by plaintiff.

We reject plaintiff's contention that the court erred in granting the motion with respect to her claim that defendants were negligent in failing to repair the laceration properly.  Rather, we conclude that defendants met their burden with respect to that claim and that plaintiff failed to raise an issue of fact (*see generally Zuckerman*, 49 NY2d at 562).  The affidavit of plaintiff's expert submitted in opposition to the motion was conclusory with respect to that claim inasmuch as the expert failed to explain the accepted medical practice from which defendants deviated in repairing the laceration and never addressed the conclusion of defendants' expert, who opined that the problems plaintiff subsequently developed were merely complications with the healing process rather than a result of an improper repair (*see Oestreich v Present*, 50 AD3d 522, 523).  The conclusions of plaintiff's expert that defendants failed to undertake proper examinations before performing the repair were speculative and unsupported by the record.  The multiple examinations conducted by defendants are detailed in plaintiff's medical records, and we see no evidentiary basis for the conclusion that defendants did not fully or properly conduct them (*see generally Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544).  Inasmuch as plaintiff has failed to raise an issue of fact whether the repair was improperly performed, we see no need to address plaintiff's further contention that the court erroneously resolved a factual dispute with respect to her claim that Liberatore committed malpractice by allegedly allowing a resident to perform the repair.

We reject plaintiff's contention that the court erred in dismissing those parts of the complaint premised on defendants' alleged failure to obtain her informed consent before administering the medication Pitocin to her.  Contrary to plaintiff's contention, even in cases where the defendant fails to submit sufficient proof with respect to the other elements of an informed consent cause of action, the defendant may nevertheless establish entitlement to summary judgment by demonstrating that any lack of informed consent was not the proximate cause of the plaintiff's injury (*see Tsimbler v Fell*, 123 AD3d 1009, 1010-1011; *Amodio v Wolpert*, 52 AD3d 1078, 1080; *Mondo v Ellstein*, 302 AD2d 437, 438).  Here, defendants met their initial burden inasmuch as the submission of their expert's affidavit and plaintiff's hospital records established that plaintiff was administered a conservative dosage of Pitocin that was well within standard levels and did not cause her injury (*see Gage v Dutkewych*, 3

AD3d 629, 630-631; *see also Tsimbler*, 123 AD3d at 1010-1011). In opposition, plaintiff failed to raise an issue of fact (*see generally Zuckerman*, 49 NY2d at 562). Plaintiff's expert opined in a speculative and conclusory manner that use of Pitocin is "associated with" fourth-degree perineal tears because of the "excessive expulsive forces" caused by that medication, but did not dispute or even address the opinion of defendants' expert that the amount of Pitocin administered to plaintiff was proper, nor did plaintiff's expert controvert the conclusion of defendants' expert that, based on the medical records in this case, plaintiff experienced a well-controlled delivery and that the dosage of Pitocin was not responsible for causing plaintiff's injury (*see Gage*, 3 AD3d at 631; *see also Tsimbler*, 123 AD3d at 1010-1011). The court therefore properly granted summary judgment dismissing the cause of action for lack of informed consent, as well as the causes of action for medical malpractice and negligence to the extent that they are premised on defendants' allegedly improper administration of Pitocin.

Entered: December 31, 2015                    Frances E. Cafarell
                                              Clerk of the Court