# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1153**
**CA 16-00602**
PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

LAURA MACALUSO AND ARTHUR MACALUSO,
PLAINTIFFS-RESPONDENTS,

                V                      MEMORANDUM AND ORDER

WEBSTER H. PILCHER, M.D., PH.D.,
AND UNIVERSITY OF ROCHESTER MEDICAL CENTER
SCHOOL OF MEDICINE AND DENTISTRY,
DEFENDANTS-APPELLANTS.

---

WARD GREENBERG HELLER & REIDY LLP, ROCHESTER (JESSICA N. CLEMENTE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

CHARLES A. HALL, ROCHESTER, FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered September 24, 2015. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiffs commenced this medical malpractice action alleging that, during surgery upon Laura Macaluso (plaintiff) to remove a previously-implanted spinal cord stimulator (SCS), Webster H. Pilcher, M.D., Ph.D. (defendant) negligently failed to remove part of a synthetic tubular sleeve that had covered wires connecting components of the SCS. On appeal, defendants contend that Supreme Court erred in denying their motion for summary judgment dismissing the complaint. We agree.

In order to meet their initial burden on their motion for summary judgment in this medical malpractice action, defendants were "required to 'present factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that [they] complied with the accepted standard of care or did not cause any injury to the patient' " (*Webb v Scanlon*, 133 AD3d 1385, 1386). "A defendant physician may submit his or her own affidavit to meet that burden, but that affidavit must be detailed, specific and factual in nature . . . , and must address each of the specific factual claims of negligence raised in [the] plaintiff[s'] bill of particulars" (*id.* [internal quotation marks omitted]).

Here, defendant submitted his own affidavit, along with an accompanying medical record, in which he described in detail the specific, limited objectives of the surgery, which included removing the battery pack component of the SCS and the electrical leads along plaintiff's spinal cord, as well as removing the connecting wires that ran under plaintiff's skin by pulling them through a surgical opening on her side. Defendant averred—consistent with his deposition testimony that was also submitted with his affidavit—that he was aware of the possibility that sleeves could be under plaintiff's skin from the original surgery, but that the surgical plan discussed with plaintiff did not include expanding the procedure to encompass searching for or removing any such items because to do so would have unnecessarily increased the scope and risk of the surgery beyond any possible benefit. Defendant noted, among other things, that any sleeve previously implanted in plaintiff was inert and sterile, and was designed and intended to remain inside her body. Defendant conducted a routine postoperative visit during which plaintiff had no complaints, and plaintiff never returned for further care after that visit. Defendant explained that, inasmuch as he had completed the surgery and his goal did not include removing every remaining fragment of the SCS components, he would not have subjected plaintiff to an X ray or any other tests unless she had exhibited symptoms such as local inflammation or infection, which she had not shown. Defendant averred that he successfully completed the surgery as planned and that, in his professional medical opinion, the care he provided to plaintiff in planning and conducting the surgery fully conformed with the applicable standard of care. Based on the foregoing, we conclude that defendants established their entitlement to judgment as a matter of law (*see id.*).

To raise an issue of fact to defeat defendants' motion, plaintiffs were required to submit "evidentiary facts or materials to rebut the prima facie showing by the defendant physician" beyond mere "[g]eneral allegations of medical malpractice" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325). Plaintiffs failed to meet their burden here. Without explaining the accepted medical practice from which defendant deviated in performing the surgery, plaintiffs' expert merely averred in general, vague, and conclusory terms that it was his opinion "that the non-removal of the tubing conforms to medical negligence" (*see Keller v Liberatore*, 134 AD3d 1495, 1496). We conclude that the affidavit of plaintiffs' expert is entirely " 'conclusory in nature and lacks any details[,] and thus is insufficient to raise the existence of a triable factual issue concerning medical malpractice' " (*Moticik v Sisters Healthcare*, 19 AD3d 1052, 1053).

Entered:  December 23, 2016                Frances E. Cafarell
                                           Clerk of the Court