■ CHARLES STEINBERG et al., Appellants, v LENOX HILL HOSPITAL et al., Respondents. [50 NYS3d 356]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 1, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 1, 2016, which denied plaintiffs' motion for leave to submit a surreply affirmation, unanimously dismissed, without costs, as abandoned. Appeal from order, same court and Justice, entered on or about July 15, 2016, which, upon reargument, adhered to its original determination dismissing the complaint, unanimously dismissed, without costs, as academic.

In this action for medical malpractice, plaintiffs claim that defendants were negligent in the performance of a cardiac catheterization, thereby causing an arterial perforation, which in turn caused ischemia and loss of vision in plaintiff Charles Steinberg's right eye.

The affirmation of defendants' neuro-ophthalmologist expert was sufficient to meet their burden of demonstrating that the alleged negligence did not proximately cause plaintiff's visual impairment (*see Anyie B. v Bronx Lebanon Hosp.*, 128 AD3d 1, 3 [1st Dept 2015]). The expert opined that the objective evidence indicated that plaintiff's vision did not worsen post-surgery but that even if it did, this was attributable not to the surgery but to the advancement of plaintiff's preexisting glaucoma.

To the extent plaintiffs now point to additional injuries apart from vision loss, we decline to consider the additional injuries, as they were not alleged in the complaint or the bills of particulars. Plaintiffs' contention that defendants' expert failed

to consider the reports of two ophthalmologists who examined plaintiff post-surgery is not supported by the record, as defendants' expert expressly addressed the findings set forth in those reports.

In opposition to defendants' motion, plaintiffs failed to demonstrate the existence of any issues of fact with respect to proximate cause (*see Anyie B.*, 128 AD3d at 3). Although plaintiffs' expert opined that defendants' negligence caused the perforation, which in turn caused ischemia and diminished vision, he did not explain how the perforation caused these injuries. Nor did he respond to or even acknowledge the opinions of defendants' expert regarding causation (*see Pripkhan v Karmon*, 140 AD3d 634, 635 [1st Dept 2016]). Plaintiffs' expert was also not qualified to offer an opinion as to causation. He specializes in cardiovascular surgery, not neurology or ophthalmology. Moreover, he failed to "profess the requisite personal knowledge" necessary to make a determination on the issue of whether the perforation was responsible for plaintiff's visual impairment (*Colwin v Katz*, 122 AD3d 523, 524 [1st Dept 2014]; *see also Limmer v Rosenfeld*, 92 AD3d 609, 609 [1st Dept 2012]). Plaintiffs cannot circumvent the infirmities in their expert's affirmation by relying on the unsworn statements of other treating ophthalmologists (*see Pena v Slater*, 100 AD3d 488, 489 [1st Dept 2012]). Concur—Richter, J.P., Gische, Kahn and Gesmer, JJ.