Shattuck v Anain (2019 NY Slip Op 05459)





Shattuck v Anain


2019 NY Slip Op 05459


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


634 CA 19-00067

[*1]PAMELA A. SHATTUCK, PLAINTIFF-APPELLANT,
v
SHIRLEY A. ANAIN, M.D., DEFENDANT-RESPONDENT. 






FREID AND KLAWON, WILLIAMSVILLE (WAYNE I. FREID OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
CONNORS LLP, BUFFALO (JOHN T. LOSS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered July 16, 2018. The order granted defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action alleging that she suffered serious and permanent injuries as a result of defendant's alleged medical malpractice during and following plaintiff's bilateral reduction mammoplasty. We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.
Contrary to plaintiff's contention, defendant met her initial burden on the motion by " present[ing] factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that [she] complied with the accepted standard of care' " (Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015]; see Macaluso v Pilcher, 145 AD3d 1559, 1560 [4th Dept 2016]). Here, defendant submitted her own affidavit to meet her burden of proof, and we reject plaintiff's contention that the affidavit was insufficient. "A defendant physician may submit his or her own affidavit to meet that [initial] burden, but that affidavit must be detailed, specific and factual in nature' . . . and must address each of the specific factual claims of negligence raised in [the] plaintiff's bill of particulars' " (Webb, 133 AD3d at 1386; see Macaluso, 145 AD3d at 1560). Contrary to plaintiff's contention, we conclude that defendant, a board certified plastic and reconstructive surgeon, was qualified to render an opinion on post-surgical wound care (see generally Fay v Satterly, 158 AD3d 1220, 1221 [4th Dept 2018]; Chipley v Stephenson, 72 AD3d 1548, 1549 [4th Dept 2010]).
In opposition to the motion, plaintiff failed to raise a triable issue of fact. We conclude that nothing in the medical records submitted by plaintiff raised a triable issue of fact regarding defendant's alleged deviation from the standard of care. Plaintiff also submitted the affidavit of a "Registered Professional Nurse - certified as a Wound Care Specialist" in opposition to defendant's motion. Even assuming, arguendo, that a registered nurse is qualified to render a medical opinion with respect to the relevant standards of wound care (see Carthon v Buffalo Gen. Hosp. Deaconess Skilled Nursing Facility Div., 83 AD3d 1404, 1405 [4th Dept 2011]; see generally Meiselman v Crown Hgts. Hosp., 285 NY 389, 398-399 [1941]; People v Rice, 159 NY 400, 410 [1899]; Zarnoch v Williams, 83 AD3d 1373, 1373 [4th Dept 2011], lv denied 17 NY3d 708 [2011]), we conclude that the affidavit failed to establish that the affiant possessed the requisite skill, training, education, knowledge, or experience from which it can be assumed that the information or opinion in the affidavit is reliable (see Gates v Longden, 120 AD3d 980, 981 [4th Dept 2014]; Daum v Auburn Mem. Hosp., 198 AD2d 899, 899 [4th Dept 1993]).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court