Poreba-Gier v Suddaby (2022 NY Slip Op 01931)





Poreba-Gier v Suddaby


2022 NY Slip Op 01931


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


272 CA 21-00305

[*1]JEANETTE. POREBA-GIER AND JOSEPH R. GIER, PLAINTIFFS-APPELLANTS, V
v
LOUBERT S. SUDDABY, M.D., DEFENDANT-RESPONDENT. 






GERARD A. STRAUSS, NORTH COLLINS, FOR PLAINTIFFS-APPELLANTS.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MELISSA L. ZITTEL OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 7, 2021. The order granted the motion of defendant for leave to renew his motion for summary judgment and, upon renewal, granted that motion and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this medical malpractice and lack of informed consent action seeking damages for injuries allegedly sustained by Jeanette V. Poreba-Gier (plaintiff) as a result of defendant's insertion of a paddle lead stimulator in her spine for pain relief. Defendant moved for summary judgment dismissing the complaint, and Supreme Court granted the motion with respect to the medical malpractice cause of action, but denied the motion with respect to the informed consent cause of action. After additional discovery, defendant moved for leave to renew his motion for summary judgment, arguing, inter alia, that the informed consent cause of action should be dismissed because the alleged lack of informed consent was not a proximate cause of any injury. The court granted the motion for leave to renew and, upon renewal, granted defendant's motion for summary judgment in its entirety and dismissed the complaint. Plaintiffs appeal, and we affirm.
" 'To establish a cause of action for malpractice based on lack of informed consent, [a] plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury' " (Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 797 [2d Dept 2021]; see Public Health Law
§ 2805-d). The proximate cause element "is construed to mean that the actual procedure performed for which there was no informed consent must have been a proximate cause of the injury" (Trabal v Queens Surgi-Center, 8 AD3d 555, 556-557 [2d Dept 2004]) or, stated another way, " 'that the plaintiff in fact suffered an injury which medically was caused by the treatment' " (Evart v Park Ave. Chiropractic, P.C., 86 AD3d 442, 443 [1st Dept 2011], lv denied 17 NY3d 922 [2011]).
Here, defendant met his initial burden by establishing that any lack of informed consent was not a proximate cause of any injury to plaintiff (see Keller v Liberatore, 134 AD3d 1495, 1497 [4th Dept 2015]; Tsimbler v Fell, 123 AD3d 1009, 1010-1011 [2d Dept 2014]). Defendant established that plaintiff did not sustain any injury from the disputed treatment and that the treatment did not aggravate or exacerbate plaintiff's presurgical symptoms (see generally Flores v Flushing Hosp. & Med. Ctr., 109 AD2d 198, 200-201 [1st Dept 1985]). Rather than causing [*2]injury to plaintiff, the insertion of the paddle lead stimulator provided plaintiff with pain relief, albeit temporary. Defendant further established that the pain plaintiff later experienced was a result of her disabling back condition and not a result of the surgery to implant the paddle lead stimulator. In opposition to the motion, plaintiffs failed to raise a triable issue of fact (see Gilmore v Mihail, 174 AD3d 686, 688 [2d Dept 2019]; Graziano v Cooling, 79 AD3d 803, 804-805 [2d Dept 2010]; Amodio v Wolpert, 52 AD3d 1078, 1080 [3d Dept 2008]).
We have considered plaintiffs' remaining contentions and conclude that they are without merit.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court