Vargas v Bhalodkar (2022 NY Slip Op 02645)

Vargas v Bhalodkar

2022 NY Slip Op 02645

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Manzanet-Daniels, J.P., Kern, Singh, Kennedy, Mendez, JJ. 

Index No. 20036/14E Appeal No. 15774 Case No. 2021-03142 

[*1]Francisco Vargas etc., Plaintiff-Respondent,
v
Narenda Bhalodkar M.D., et al., Defendants, Sherry Megalla M.D., et al., Defendants-Appellants.

Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Nicholas Tam of counsel), for appellants.
Michelstein & Ashman, PLLC, New York (Robert F. Rich, Jr. of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about August 3, 2021, which, to the extent appealed from, denied defendants Sherry Megalla, M.D. and Bronx Lebanon Hospital Center's (defendants) motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff did not adduce the opinion of a qualified expert and thus failed to rebut defendants' prima facie showing of their entitlement to summary judgment (see Bartolacci-Meir v Sassoon, 149 AD3d 567, 571-572 [1st Dept 2017]). Plaintiff's expert, an internist and gastroenterologist with no apparent training or knowledge in cardiology, did not set forth sufficient qualifications to opine on whether Dr. Megalla deviated from the relevant standard of care when she gave cardiac clearance for decedent to temporarily cease taking blood thinners and undergo a colonoscopy (see Steinberg v Lenox Hill Hosp., 148 AD3d 612, 613 [1st Dept 2017]; Colwin v Katz, 122 AD3d 523, 524 [1st Dept 2014]). Even if qualified, the expert's assertion that decedent's death was precipitated by a hypercoagulable state is speculative and not supported by the evidence (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Moreover, the expert failed to address defendants' expert cardiologist's averment that decedent's presentation at the time of her death was inconsistent with a blood clot (see Abalola v Flower Hosp., 44 AD3d 522, 522 [1st Dept 2007]).
Plaintiff's argument that defendant Bronx Lebanon Hospital failed to demonstrate its entitlement to summary judgment is unavailing. Its alleged liability was vicarious, premised upon the actions of its employees, who have been found not negligent. Plaintiff's generalized claim of failure to supervise is similarly unavailing, since he points to no unsupervised negligent act that caused decedent's passing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022