Pietroforte v Belle Harbor Home of the Sages, Inc. (2023 NY Slip Op 05481)

Pietroforte v Belle Harbor Home of the Sages, Inc.

2023 NY Slip Op 05481

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kern, J.P., Friedman, Kennedy, Pitt-Burke, JJ. 

Index No. 805149/14 Appeal No. 948 Case No. 2022-02701 

[*1]Helen Pietroforte, by Her Legal Guardian, Janet Brew, Plaintiff-Appellant-Respondent,
v
Belle Harbor Home of The Sages, Inc., et al., Defendants-Respondents-Appellants. Marie A. Lippman, M.D., et al., Defendants-Respondents, New York City Health and Hospitals Corporation, et al., Defendants. [And a Third-Party Action.]

Rodriguez & Nathan, PLLC, Rockville Centre (Heather Nathan of counsel), for appellant-respondent.
Barry McTiernan & Moore LLC, New York (Suzanne M. Halbardier of counsel), for respondents-appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for Marie A. Lippman, M.D., respondent.
Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for Institute for Community Living, Inc. and Milestone Residence, respondents.
Kaufman Borgeest & Ryan LLP, Valhalla (David Bloom of counsel), for Centerlight Healthcare, Inc. and Center for Nursing & Rehabilitation, Inc., respondents.

Order, Supreme Court, New York County (Erika Edwards, J.), entered on or about May 27, 2022, which, to the extent appealed from as limited by the briefs, granted defendants Marie A. Lippman, M.D.'s, Centerlight Healthcare, Inc. and Center for Nursing & Rehabilitation, Inc.'s (Centerlight/CNR), and Institute for Community Living, Inc. and Milestone Residence's (ICL/Milestone) motions for summary judgment dismissing all claims as against them, and granted defendants Belle Harbor Home of the Sages, Inc. and Belle Harbor Manor's (Belle Harbor) motion for summary judgment to the extent of dismissing all claims as against them except for the part of the negligence claim arising from their alleged negligent supervision and care of plaintiff between February 14, 2013 and February 18, 2013, unanimously affirmed, without costs.
The court correctly dismissed plaintiff's medical malpractice cause of action because defendants established prima facie their entitlement to summary judgment, and the report of plaintiff's expert, which, predated motion practice, was conclusory and did not address the points made by defendants' experts (see Homan v David Seinfeld, M.D., PLLC, 164 AD3d 1147, 1148 [1st Dept 2018]; Abalola v Flower Hosp., 44 AD3d 522, 522 [1st Dept 2007]). In addition, plaintiff's expert's report consisted of mere general allegations of medical malpractice and did not distinguish between the multiple defendants (see Alvarez v. Prospect Hosp., 68 NY2d 320, 325 [1986]; Coronel v New York City Health & Hosps. Corp., 47 AD3d 456, 457 [1st Dept 2008]). Further, as to defendant Centerlight/CNR, their purported failure to ensure that plaintiff took her prescribed medication cannot be the proximate cause of her fall from a window months later, where that medication protocol was changed after she left their facility.
The claims sounding in negligence against Dr. Lippman, Centerlight/CNR, and ICL/Milestone for their alleged failure to prevent plaintiff's fall necessarily fail, as plaintiff was not in their custody at the time of the incident (see Estate of Benitez v City of New York, 193 AD3d 42, 47 [1st Dept], lv denied 37 NY3d 906 [2021]). With regard to Belle Harbor, however, the record establishes a lack of proximate causation between its failure to administer the usual prescribed medication during plaintiff's temporary relocation to other facilities and plaintiff's fall after her return to its facility on February 14, 2013. However, the court correctly found that issues of fact exist as to, among other things, whether, after plaintiff's return, Belle Harbor knew or should have known that plaintiff was decompensating from a lack of compliance with her medication plan such that it should have taken further measures to monitor her behavior, and whether such alleged failures were a proximate cause of her injuries.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023