Contant v Mount Sinai Hosp. (2023 NY Slip Op 05656)

Contant v Mount Sinai Hosp.

2023 NY Slip Op 05656

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 26260/17 Appeal No. 826 Case No. 2023-00786 

[*1]Brendan J. Contant, Plaintiff-Appellant,
v
The Mount Sinai Hospital et al., Defendants-Respondents.

Mischel & Horn, New York (Christen Giannaros of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for respondents.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about January 17, 2023, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established prima facie entitlement to summary judgment on plaintiff's informed consent cause of action by submitting expert affirmations opining that the anesthetic procedure performed by defendants did not proximately cause plaintiff's alleged injuries (see Public Health Law § 2805-d[1][3]; Orphan v Pilnik, 66 AD3d 543, 544 [1st Dept 2009], affd 15 NY3d 907 [2010]). Defendants' expert anesthesiologist opined the ultrasound images from the anesthesia record showed that the procedure was performed properly. In addition, defendants' expert neurologist opined that plaintiff's pain arose from an autoimmune condition and that nothing defendants did or did not do was the proximate cause of the alleged injuries. The neurologist also averred that given the location of needle insertion, it was logistically impossible for plaintiff to experience symptoms in his lower trunk as a result of the procedure.
In opposition, plaintiff failed to raise a triable issue of fact. The expert opinion that plaintiff submitted in response was conclusory and failed to address a significant number of key assertions made by defendants' experts, including that a nerve injury in the area where the needle was inserted would have caused issues with plaintiff's upper brachial trunk (the shoulder, rotator cuff, and deltoid) and not to the lower trunk distribution (the hand and fingers) (see Abalola v Flower Hosp., 44 AD3d 522, 522 [1st Dept 2007]).
Given the unrebutted evidence that defendants' care was not a substantial factor in causing plaintiff's injury, plaintiff's claim of lack of informed consent must be dismissed (see Vogt v Herstik, 128 AD3d 602 [1st Dept 2015]; Evart v Park Ave. Chiropractics, P.C., 86 AD3d 442, 443 [1st Dept 2011], lv denied 17 NY3d 922 [2011]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023