Schwimer-Codos v Tassler (2024 NY Slip Op 01122)

Schwimer-Codos v Tassler

2024 NY Slip Op 01122

Decided on February 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 29, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 23102/16 Appeal No. 1771 Case No. 2023-02674 

[*1]Rachel Schwimer-Codos as Administratrix of the Estate of Harvey Codos, Deceased, et al., Plaintiffs- Respondents,
v
Andrew Tassler, et al., Defendants-Appellants.

Yoeli Gottlieb & Etra LLP, New York (Ryne Duchmann of counsel), for appellants.
The Law Office of Bruce W. Slane, P.C., White Plains (Jeremy D. Barberi of counsel), for respondents.

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered on or about May 17, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Andrew Tassler (Dr. Tassler), Patrick Lasala (Dr. Lasala), and Montefiore Medical Center (Montefiore) for summary judgment dismissing the complaint in its entirety, unanimously modified, on the law, to dismiss plaintiff's complaint as against defendant Dr. Lasala, and otherwise affirmed, without costs.
Plaintiffs' otolaryngology expert created questions of fact as to whether Dr. Tassler deviated from the standard of care in the manner in which he addressed the bleeding mucosa that developed during his closure portion of plaintiff's surgery. Such questions include whether an alternative closure of the wound that did not require removal of the entire mucosa was warranted; whether, if Dr. Tassler wished to proceed with the planned closure, that the mucosa should have been removed in a different manner; and whether an interoperative Doppler sonogram should have been employed, particularly after the mass had been removed, changing the landscape of decedent's physiology. Plaintiffs' experts' reports were not deficient for failure to specifically mention that they reviewed defendants' expert's report where they nevertheless addressed the claims and underlying assertions laid out in defendants' expert's opinion (compare Contant v Mount Sinai Hosp., 221 AD3d 424, 424 [1st Dept 2023]; Pietroforte v Belle Harbor Home of the Sages, Inc., 220 AD3d 628, 628 [1st Dept 2023]).
The claims against Dr. Lasala, however, should be dismissed. Plaintiff's expert neurologist fails to point to anything in the record supporting the contention that Dr. Lasala, the neurosurgeon who performed the tumor removal portion of the multi-stage procedure, was required to remain and supervise Dr. Tassler, the otolaryngologist, during his portion of the procedure. It is pure speculation that Dr. Lasala would have prevented the injury by informing Dr. Tassler not to injure the artery, a risk of which Dr. Tassler was cognizant (compare Cregan v Sachs, 65 AD3d 101, 108 [1st Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 29, 2024