Gentile v Juva Skin & Laser Ctr. Medispa (2025 NY Slip Op 00272)

Gentile v Juva Skin & Laser Ctr. Medispa

2025 NY Slip Op 00272

Decided on January 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2025

Before: Webber, J.P., Gesmer, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 805179/19 Appeal No. 3517 Case No. 2023-04895 

[*1]Marlana Perillo Gentile, Plaintiff- Appellant,
v
Juva Skin and Laser Center Medispa, et al., Defendants- Respondents, Mary Ann Woody, Defendant.

The Law Firm of John C. Clark, New York (John Christopher Clark of counsel), for appellant.
Dwyer and Taglia, Valhalla (Peter R. Taglia of counsel), for respondents.

Order, Supreme Court, New York County (Kathy J. King, J.), entered October 2, 2023, which, insofar as appealed from, granted defendants Dr. Bruce Katz doing business as Juva Skin and Laser Center Medispa and Jennifer Kramer's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The motion court correctly found that plaintiff's expert, a urologist who owned a medical spa where cosmetic laser treatments were performed, was not qualified to opine on plaintiff's dermatological conditions and the treatments rendered by defendant Dr. Katz and his staff (see Lomax v New York City Health & Hosps. Corp., 176 AD3d 483, 484 [1st Dept 2019]; Colwin v Katz, 122 AD3d 523, 524 [1st Dept 2014]). It was within the motion court's discretion to refuse to consider the supplemental affidavit of plaintiff's expert and a new affidavit from an assistant involved in plaintiff's subsequent treatment, filed in a reply affirmation to a cross-motion brought by plaintiff (see CPLR 2214[b]). In any event, even if the submissions were considered, they are insufficient to create a question of fact. Plaintiff cannot defeat defendants' prima facie showing of entitlement to summary judgment with submissions in reply, which is what she attempted to do here (see Ostrov v Rozbruch, 91 AD3d 147 [1st Dept 2012]; Schultz v 400 Coop. Corp., 292 AD2d 16, 21 [1st Dept 2002]). Substantively, numerous assertions by plaintiff's expert are either unsupported or contradicted by the record (see Browder v New York City Health & Hosps. Corp., 37 AD3d 375, 376 [1st Dept 2007]; Wong v Goldbaum, 23 AD3d 277, 279-280 [1st Dept 2005]). Furthermore, they do not sufficiently address all of defendants' expert's salient points, including that the hyperpigmentation suffered by plaintiff was the result of an inflammatory reaction to her skin condition and not caused by laser treatments, as shown by its occurrence on areas of the body not treated by defendants (see Pietroforte v Belle Harbor Home of the Sages, Inc., 220 AD3d 628, 628-629 [1st Dept 2023]; Homan v David Seinfeld, M.D., PLLC, 164 AD3d 1147, 1148 [1st Dept 2018]).
Plaintiff's argument that an expert affidavit was not required as to defendant Jennifer Kramer, since their claims against her were based on general negligence and not malpractice, is incorrect. While Kramer was not a medical professional, the treatment was medical in nature, prescribed by Dr. Katz and overseen by the doctor and his staff (see Annunziata v Quest Diagnostics Inc., 127 AD3d 630, 631 [1st Dept 2015];
Cullinan v Pignataro, 266 AD2d 807, 808 [4th Dept 1999]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2025