■ ELENA T. WONG et al., Respondents, v ANDREW M. GOLD-BAUM, M.D., Appellant, et al., Defendant. [805 NYS2d 47]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered November 4, 2004, which denied the motion of defendant Andrew M. Goldbaum, M.D., for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against the moving defendant. The Clerk is directed to enter judgment accordingly.

On March 21, 2001, defendant Dr. Arthur L. Millman performed a surgical procedure on plaintiff Elena Wong called a dacryocystorhinostomy, or DCR, to remedy a tear duct obstruction by creating alternate pathways for tears to exit. During that procedure, he placed two stents, one known as a Silastic tube and one as a French catheter, in the vicinity of her right eye and nostril, to keep the newly created pathways open. Wong was to return in four to six weeks for the removal of the stents.

On or about May 10, 2001, Wong called Dr. Millman's office complaining of irritation and a red eye. Dr. Millman's office advised Wong that the doctor was on vacation, and referred her to defendant-appellant Dr. Andrew Goldbaum. Wong visited Dr. Goldbaum's office on May 17, 2001; prior to the visit, Dr. Millman's office had faxed him two pages of plaintiff's records, which contained, in their entirety, a description of Millman's first examination of plaintiff, at which he noted that her assessment plan was "severe dacryostenosis for right DCR silastic," and Dr. Millman's operative note, dated March 21, 2001, which read as follows: "Procedure, a right DCR with silastic. Complications, none. Condition, unremarkable."

After examining plaintiff, Dr. Goldbaum determined that Wong was suffering from an inflammation caused by the Silastic tube that Millman had inserted. He removed the tube in his office, and advised plaintiff to return to Millman for follow-up.

Months later, in November 2001, plaintiff consulted another physician, Dr. Reba Kizner, with further complaints. Dr. Kizner performed a CAT scan and, upon finding that the catheter placed by Millman in March was still in place in plaintiff's nose, removed it.

On or about January 23, 2003, plaintiff and her husband commenced this action against both Millman and Goldbaum. As against defendant Goldbaum, they alleged that he had been negligent in failing to ascertain or determine exactly what had been inserted and needed to be removed.

We conclude that Goldman's motion for summary judgment

should have been granted. Plaintiff's only claim against him, namely that he negligently failed to remove the French catheter along with the Silastic tube, was disproved by the depositions and medical records establishing that neither plaintiff herself nor Dr. Millman had made Dr. Goldbaum aware of the presence of the catheter at the time that he treated plaintiff.

The information imparted to Dr. Goldbaum from Dr. Millman's office mentioned only one tube, and plaintiff, at the time of her visit to defendant, was under the impression that only one tube had been inserted. Indeed, Dr. Kizner's records indicate that the catheter was invisible, and could not have been detected without a CAT scan. The only evidence suggesting that Dr. Goldbaum should have known about the catheter is Dr. Millman's testimony that Dr. Goldbaum had reason to know that Millman always used two stents when performing a DCR, because Dr. Goldbaum had worked with Dr. Millman for two years, and assisted him in performing 80 to 150 such operations. This assertion is insufficient to support a finding that Dr. Goldbaum should have known of the catheter, in light of the testimony of Dr. Goldbaum and Dr. Leib that the DCR procedure can be and is at times performed using only one stent. Given defendant's inability to confirm with Dr. Millman which procedure he employed, Dr. Millman's asserted standard practice is at best a speculative basis for a finding that defendant should have known that a catheter had been inserted along with the Silastic tube.

Moreover, the record contains no basis to find that Dr. Goldbaum should have considered the possibility of a catheter's presence, or inquired into it, based upon plaintiff's condition or complaints. Contrary to the court's finding that plaintiff made complaints to him about her nose, the record specifically demonstrates that she made no complaints to Dr. Goldbaum except in regard to her right eye. Plaintiff's testimony specifically indicated that she did not complain about her nose to Dr. Goldbaum, although she said she had complained about "everything," including her nose, *to Dr. Millman's office.*

The affidavit submitted by plaintiff's expert was insufficient to demonstrate a deviation from accepted medical practice, and thus to defeat defendant's entitlement to summary judgment. The opinion of a qualified expert that a plaintiff's injuries were caused by a deviation from relevant industry standards has no probative force where the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). The expert's opinion here was conclusory, and was otherwise flawed

by its misstatements of the evidence and unsupported assertions (*see Ramirez v Columbia-Presbyterian Med. Ctr.*, 16 AD3d 238 [2005]). Specifically, the departures cited by the expert, namely that Dr. Goldbaum failed to properly take a history or perform an examination, are contradicted by defendant's notes and plaintiff's testimony. The expert's belief that defendant should have known that plaintiff had had a catheter inserted into her nose relies on Dr. Millman's testimony and postoperative instructions; however, the record contains no indication that Dr. Goldbaum was ever made aware of these postoperative instructions. Since plaintiff had no knowledge of the presence of the catheter, and it was not visible, even upon two endoscopies, no amount of questioning or physical examination would have revealed its presence.

It was Dr. Millman alone who had the knowledge of exactly what the procedure he performed entailed. If he—or the patient—had conveyed complete information to Dr. Goldbaum, there might be grounds for concluding that Dr. Goldbaum's treatment was negligent. But, since that information was not fully conveyed to the covering physician, it was up to Dr. Millman to review the report or notes of the covering physician to ensure that the patient had received all the care that was necessary.

Accordingly, the complaint must be dismissed as against Dr. Goldbaum. Concur—Saxe, J.P., Ellerin, Williams, Catterson and Malone, JJ.