■ DIANA ABALOLA, Individually and as Administrator of the Estate of GLENNIE TINDAL, Deceased, Respondent, v FLOWER HOSPITAL, Now Known as TERENCE CARDINAL COOKE HEALTH CARE CENTER, Appellant. [843 NYS2d 615]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered November 17, 2006, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in defendant's favor dismissing the complaint.

Defendant made a prima facie case of entitlement to summary judgment by submitting an affirmation of a medical expert establishing that defendant had rendered acceptable medical care to plaintiff's decedent. In response, plaintiff submitted evidence insufficient to raise a triable issue of fact, as the affirmation of plaintiff's physician expert not only failed to controvert a number of points in defendant's expert affirmation, but also was conclusory and devoid of analysis or reference to scientific data (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *DeCintio v Lawrence Hosp.*, 33 AD3d 329 [2006]; *Ramirez v Columbia-Presbyterian Med. Ctr.*, 16 AD3d 238 [2005]). Plaintiff's physician expert also improperly raised, for the first time in opposition to the summary judgment motion, a new theory of liability regarding the treatment of plaintiff's decedent that had not been set forth in the complaint or bills of particulars (*see Golubov v Wolfson*, 22 AD3d 635 [2005]; *Winters v St. Vincent's Med. Ctr. of Richmond*, 273 AD2d 465 [2000]). The affidavit of plaintiff's nurse expert was similarly conclusory, and offered medical opinions and conclusions that the expert was not competent to render (*see Elliot v Long Is. Home, Ltd.*, 12 AD3d 481, 482 [2004]; *Mills v Moriarty*, 302 AD2d 436 [2003], *lv denied* 100 NY2d 502 [2003]).

We need not reach defendant's remaining contentions in light of our determination. Concur—Lippman, P.J., Andrias, Williams, Buckley and Malone, JJ.