■ TRISTAN SMITH et al., Appellants, v NEW YORK CITY HOUS-
ING AUTHORITY, Respondent. [904 NYS2d 37]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.),
entered May 15, 2009, which, insofar as appealed from as limited
by the briefs, in this action alleging injuries resulting from
exposure to lead paint, granted defendant's motion for sum-
mary judgment dismissing the complaint, and order, same court
and Justice, entered on or about September 14, 2009, which,
insofar as appealable, denied plaintiffs' motion to renew,
unanimously affirmed, without costs.

Plaintiffs resided in the subject apartment shortly after the
infant plaintiff's birth in July 2003 and until September 2003.
At that point, plaintiffs moved out of the country, but returned
to the apartment in October 2004. Approximately one and a
half months later, the infant plaintiff was discovered to have a
blood lead level of 17 ug/dl. The authorized tenant of the apart-
ment was the infant plaintiff's maternal aunt, who had been
living there since 1998 with her children, the youngest of which
turned seven in March 2004.

The motion court properly granted defendant's motion for
summary judgment dismissing the complaint. Regarding the
first period of residency in 2003, defendant made a prima facie
showing that the infant's high blood lead level was not caused
by lead exposure during that period. The affidavit of the
pediatric neurologist submitted by defendant, stated that in
light of the fact that during the first period of residency the
infant plaintiff was not yet able to crawl, it can be concluded
within a reasonable degree of medical certainty that the infant
plaintiff's lead level in November 2004 was not the result of
exposure to lead-based paint in the apartment. The neurologist
also opined that certain findings regarding the infant plaintiff's
physical condition were the result of a congenital syndrome.

Plaintiffs' submission of the affidavit of an expert in the field
of environmental geochemistry, was insufficient to raise a tri-
able issue of fact as to causation. The expert's opinion that
airborne lead dust caused the infant's high blood lead level 14
months after the first period of residency was speculative and
"devoid of analysis or reference to scientific data" (*Abalola v
Flower Hosp.*, 44 AD3d 522, 522 [2007]). The expert's affidavit
was also insufficient to rebut the opinion of the pediatric
neurologist that certain findings as to the infant were congeni-
tal in nature (*see Guzman v 4030 Bronx Blvd. Assoc. L.L.C.*, 54
AD3d 42, 50-51 [2008]).

To the extent that causation could be shown in the second period of residency in 2004, plaintiffs failed to rebut defendant's prima facie showing that defendant did not have notice of a child under seven residing at the apartment during that period. The record shows that the aunt and her children were the apartment's lawful occupants, and that her yearly affidavits of income and window guard surveys failed to identify plaintiffs as residing within the apartment. Plaintiffs failed to point to any evidence showing that defendant had notice of a child under seven living at the apartment from October 2004 to November 2004.

To the extent plaintiffs challenge the court's denial of their motion to renew, the record shows that such denial was appropriate. The issue of causation was raised by defendant on the underlying summary judgment motion, and plaintiffs failed to otherwise demonstrate a reasonable justification for the failure to present new evidence, including the expert affidavit of a neuropsychologist, at the time of the original motion (*see* CPLR 2221 [e]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Sweeny, Freedman and Abdus-Salaam, JJ.