(June 29, 2010)

■ DEBORA K. GROBMAN, Appellant, v LOUIS I. SOBEL, M.D., et al., Respondents, et al., Defendant. [904 NYS2d 45]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about July 2, 2009, which granted the Sobel defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

It is undisputed that the Sobel defendants established prima facie entitlement to summary dismissal of allegations that they had misdiagnosed the nature of plaintiff's glaucoma condition and otherwise failed to render treatment in accordance with accepted medical standards for her condition, resulting in injury to her vision. Plaintiff's physicians offered no objective proof, based on examination, to contradict Sobel's objective proof that plaintiff's optic nerves and cup-to-disc ratios remained stable and in good health during the management and treatment of her condition (*see generally Giampa v Marvin L. Shelton, M.D., P.C.*, 67 AD3d 439 [2009]; *Abalola v Flower Hosp.*, 44 AD3d 522 [2007]). Plaintiff's expert opined that the visual-field tests indicated permanent damage to the optic nerve, but also acknowledged that optic nerve injury would be evidenced by overall cupping and changes to the rim of the optic nerve, such as notching and evacuation, yet no offer of objective proof was made to substantiate such claimed damage. Plaintiff's proof was deficient, even though it remained within her power to supply such evidence. Instead, plaintiff left her argument to speculation. The Sobel defendants, by contrast, offered objective proof that fully refuted such speculative assertions (*see generally Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]). Concur—Gonzalez, P.J., Tom, Friedman and Abdus-Salaam, JJ.