◼ KYLE BURKE, Individually and as Administrator of the Estate of MYRNAH BURKE, Deceased, Appellants, v PAUL BEYER, D.O., et al., Respondents, et al., Defendants. [953 NYS2d 207]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered April 20, 2011, which, to the extent appealed from, granted the motions of defendants St. Barnabas Hospital and Paul Beyer, D.O. for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Defendants established their entitlement to judgment as a matter of law. Defendants submitted evidence showing that their treatment of decedent did not depart from accepted standards of medical practice and that any alleged departure did not proximately cause decedent's death within hours of her admission to the hospital (*see generally Frye v Montefiore Med. Ctr.*, 70 AD3d 15, 24 [1st Dept 2009]). The evidence demonstrates that decedent's complaints upon presentment at the emergency room, combined with her past medical history and the medications she was taking, significantly belied the severity of her condition, which was ultimately found to include acute renal failure, diabetic ketoacidosis, pancreatitis and hyperkalemia.

In opposition, plaintiffs failed to raise a triable issue of fact. The opinion of plaintiffs' expert did not address the plausibility

of other possible explanations for decedent's symptoms upon presentment to the emergency room or consider the entirety of decedent's medical condition and history, including the effects of the medications that she was taking (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Abalola v Flower Hosp.*, 44 AD3d 522 [1st Dept 2007]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Acosta, DeGrasse and Richter, JJ.