Sternberg v Rugova (2018 NY Slip Op 04100)





Sternberg v Rugova


2018 NY Slip Op 04100


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6817 302925/09

[*1]David Sternberg, et al., Plaintiffs-Respondents,
v
Dr. Elena Rugova, et al., Defendants, Dr. M. Mehdi Kazmi, et al., Defendants-Appellants.


Brown, Gruttadaro, Gaujean, Prato & Sastow, PLLC, White Plains (Joan Ruddy of counsel), for Dr. M. Mehdi Kazmi and Regional Neurological Associates, P.C, appellants.
Keller, O'Reilly & Watson P.C., Woodbury (Clifford B. Keller of counsel), for The New York Presbyterian Hospital and Dr. Joseph Safdieh, appellants.
Ronemus & Vilensky, Garden City (Lisa M. Comeau of counsel), for respondents.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered February 8, 2017, which, insofar as appealed from as limited by the briefs, denied defendants Regional Neurological Associates, P.C. and Dr. M. Mehdi Kazmi's (the Kazmi defendants) and The New York Presbyterian Hospital and Dr. Joseph Safdieh's (the Safdieh defendants) motions for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
The Kazmi defendants established prima facie that they did not depart from good and accepted medical practice in failing to diagnose plaintiff David Sternberg (the patient) with a thoracic meningioma, through their expert opinion, based on the symptoms presented, and particularly the absence of complaints of leg weakness or bladder symptoms, that "[t]here was no clinical indication . . . to order imaging studies of the thoracic spine to investigate the presence of a thoracic meningioma." Although the patient complained of urinary symptoms during one phone call, he added that they had "resolved completely" since he had decreased his pain medication, and he declined to follow Kazmi's recommendation of admission to the hospital for further testing.
Plaintiffs' expert affirmation in opposition was insufficient to raise any material issues of fact (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). The expert failed to address Kazmi's actual conduct, instead improperly grouping him with the other defendants (see Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [2d Dept 2017]). He also misstated the record, opining that thoracic studies were indicated by several symptoms, including positive Romberg sign, position sense, leg weakness, and rib pain, that the patient never mentioned to Kazmi (see Diaz v New York Downtown Hosp., 99 NY2d 542 [2002]; Ramirez v Columbia-Presbyterian Med. Ctr., 16 AD3d 238 [1st Dept 2005]). In addition, he failed to address the Kazmi defendants' expert's opinion about the significance of the absence of certain complaints (see Abalola v Flower Hosp., 44 AD3d 522 [1st Dept 2007]).
The Safdieh defendants established prima facie that they did not depart from good and accepted medical practice through an expert opinion similar to the Kazmi defendants' expert opinion, based on the symptoms presented, and particularly the absence of complaints of leg weakness or bladder symptoms, that "there was no clinical indication . . . to order radiological imaging of the thoracic spine to investigate the presence of a thoracic meningioma." The expert also opined that Safdieh's "working diagnosis of peripheral neuropathy and his work-up and [*2]treatment were reasonable and in accordance with accepted standards of medical care." Although he acknowledged that plaintiffs reported leg weakness in the patient in their final communication with Safdieh, the expert opined that Safdieh's response to this information - to await a scheduled second opinion before taking further action - was appropriate.
Plaintiffs' expert affirmation in opposition was insufficient to raise any material issues of fact. The expert failed to address the Safdieh defendants' expert's opinion about the significance of the absence of certain complaints or the reasonableness of Safdieh's working diagnosis (see Abalola, 44 AD3d at 522; see also Rivera v Greenstein, 79 AD3d 564, 568-569 [1st Dept 2010]). His opinion about Safdieh's conduct was also unsupported by the record (see Diaz, 99 NY2d at 544; Wong v Goldbaum, 23 AD3d 277, 279-280 [1st Dept 2005]). The expert opined that the patient's complaints of rib pain and leg weakness should have prompted Safdieh to order thoracic imaging studies in September 2007. However, the patient did not complain of leg weakness until the following month.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK