Myers v Americare Certified Special Servs., Inc. (2020 NY Slip Op 01281)





Myers v Americare Certified Special Servs., Inc.


2020 NY Slip Op 01281


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Friedman, J.P., Richter, Webber, Singh, JJ.


11101 21137/12E

[*1] Anetha Myers, etc., Plaintiff-Respondent,
v
Americare Certified Special Services, Inc., et al., Defendants, St. Barnabas Hospital, Defendant-Appellant.


Garbarini & Scher, P.C., New York (Thomas M. Cooper of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered September 24, 2018, which denied the motion of defendant St. Barnabas Hospital for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
St. Barnabas made a prima facie showing of entitlement to judgment as a matter of law. St. Barnabas submitted an affirmation from a medical expert establishing that the treatment provided to plaintiff's decedent, who had a sacral ulcer, comported with good and accepted practice, and that the failure of the ulcer to heal was the result of decedent's many
comorbidities, rather than any failure of care on the part of St. Barnabas (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Coronel v New York City Health & Hosps. Corp., 47 AD3d 456 [1st Dept 2008]).
In opposition, plaintiff failed to raise a triable issue of fact. The affirmation from her expert set forth only general conclusions, misstatements of evidence and unsupported assertions, which were insufficient to demonstrate that St. Barnabas failed to comport with accepted medical practice, or that any such failure was a proximate cause of decedent's injuries (see Ramirez v Columbia-Presbyterian Med. Ctr., 16 AD3d 238, 239 [1st Dept 2005]). Furthermore, plaintiff's expert failed to address decedent's preexisting conditions or the assertion of defendant's expert that those conditions complicated decedent's treatment. Nor did plaintiff's expert address the fact that the ulcer continued to fail to heal, despite admission into an in-patient nursing care facility (see Homan v David Seinfeld, M.D., PLLC, 164 AD3d 1147, 1148 [1st Dept 2018]; Abalola v Flower Hosp., 44 AD3d 522 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK