Mulroe v New York-Presbyt. Hosp. (2022 NY Slip Op 02204)





Mulroe v New York-Presbyt. Hosp.


2022 NY Slip Op 02204


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Gische, J.P., Oing, Scarpulla, Shulman, Higgitt, JJ. 


Index No. 162310/15 Appeal No. 15620 Case No. 2021-02148 

[*1]Cynthia Mulroe, Plaintiffs-Respondents,
v
New York-Presbyterian Hospital, et al., Defendants-Appellants, Jack Kaufman, D.D.S., Defendant.


Martin Clearwater & Bell LLP, East Meadow (Gregory A. Cascino of counsel), for appellants.
Kramer, Dillof, Livingston & Moore, New York (Matthew Gaier of counsel), for respondents.



Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about December 14, 2020, which, to the extent appealed from, denied defendants The New York Presbyterian Hospital, David Kutler, M.D. and Joel Freidman, D.D.S.'s (defendants) motion for summary judgment dismissing the negligence and medical malpractice claims as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against said defendants.
Defendants made a prima facie showing of entitlement to summary judgment through their expert, who averred that defendants' treatment of plaintiff was within the standard of care and any difficulties with the treatment were caused by plaintiff's underlying cancer. Plaintiffs' expert failed to address that opinion, and thus failed to rebut defendants' showing of entitlement to summary judgment (see Abalola v Flower Hosp., 44 AD3d 522, 522 [1st Dept 2007]; Sternberg v Rugova, 162 AD3d 456 [1st Dept 2018]). Instead, the expert took the position that plaintiff never had cancer, a fact contradicted by the record (see Bartolacci-Meir v Sassoon, 149 AD3d 567, 572 [1st Dept 2017]; Browder v New York City Health & Hosps. Corp., 37 AD3d 375, 376 [1st Dept 2007]). While plaintiff's cancer had an unusual presentation, and pathologists initially disagreed as to whether she had an invasive jaw cancer, she was ultimately successfully treated by oncologists with surgery, radiation, and gene therapy. Plaintiffs' expert entirely ignored plaintiff's treatment from 2016 to 2017 for a rare variant of squamous cell carcinoma, as well as her 2018 treatment for a reoccurrence (see Montilla v St. Luke's-Roosevelt Hosp., 147 AD3d 404, 407 [1st Dept 2017]). Given those omissions, plaintiffs did not rebut defendants' prima facie showing of entitlement to summary dismissal of the negligence and medical malpractice claims against them.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022