Connor v Gluck (2023 NY Slip Op 01231)

Connor v Gluck

2023 NY Slip Op 01231

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Acosta, P.J., Manzanet-Daniels, Kapnick, Shulman, Higgitt, JJ. 

Index No. 805247/18 Appeal No. 17485-17486 Case No. 2022-01676, 2022-01958 

[*1]Megan Connor, Plaintiff-Appellant,
v
David A. Gluck, M.D., et al., Defendants-Respondents. 

Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Dwyer & Taglia, Valhalla (Peter R. Taglia of counsel), for respondents.

Judgment, Supreme Court, New York County (Erika Edwards, J.), entered April 20, 2022, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 12, 2022, which granted defendants' motion for summary judgment dismissing the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In this medical malpractice action, in which plaintiff alleges that she suffered injuries during a pregnancy termination procedure, defendants established that they did not deviate from good and accepted medical practice. Defendants submitted plaintiff's medical records along with their expert's affirmation, both of which established that plaintiff's hemorrhaging during an abortion occurred because of uterine atony, a condition in which the uterus fails to contract after birth or the removal of a fetus. Thus, defendants established their prima facie entitlement to summary judgment (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]).
In opposition, plaintiff failed to raise a triable issue of fact (id.; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Although plaintiff offered an expert opinion opining that defendants had failed to timely identify and recognize cervical bleeding and suture its source during the procedure, the expert opinion is not only refuted by the medical records, but also conclusory and speculative. Moreover, plaintiff's expert failed to refute defendants' expert opinion that the bleeding occurred because of uterine atony (see Abalola v Flower Hosp., 44 AD3d 522, 522 [1st Dept 2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023