Khurdayan v Kassir (2024 NY Slip Op 00355)

Khurdayan v Kassir

2024 NY Slip Op 00355

Decided on January 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024

Before: Moulton, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 159480/17 Appeal No. 1529 Case No. 2023-01250 

[*1]Arevik Khurdayan, Plaintiff-Respondent,
v
Ramtin Kassir, M.D., et al., Defendants-Appellants, Danielle Tosi et al., Defendants.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for appellants.
Pollack Cohen LLP, New York (Steve Cohen of counsel), for respondent.

Order, Supreme Court, New York County (John J. Kelley, J.), entered December 15, 2022, which denied defendants Ramtin Kassir, M.D., NY Snoring and Sinus Clinic, NY Snoring and Sinus, P.C., New York Snoring and Sinus Medical Treatment, P.C., and Park Avenue Plastic Surgery, PLLC's motion for summary judgment dismissing all claims against them, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff alleges that defendants committed medical malpractice, breach of contract, and forgery in connection with nasal surgery performed by defendant Dr. Kassir in 2016.
The motion court providently exercised its discretion in considering the opinions of plaintiff's two medical experts, notwithstanding the brief delay in disclosure (see CPLR 3212[b]; Brown v 43-25 Hunter, L.L.C., 178 AD3d 493, 494 n [1st Dept 2019]). The expert opinion of the New York physician, who is board certified in emergency medicine, addiction medicine, and internal medicine, was properly submitted in the form of an unsworn affirmation (see CPLR 2106[a]). Contrary to defendants' assertion, this doctor did not opine on the surgery, which would have exceeded his expertise. Rather, he explicitly limited his opinion to the adequacy of the informed consent procedures followed by defendants, which is within his training and practice. Although the opinion of the plaintiff's Massachusetts otolaryngologist should have been set forth in a sworn affidavit accompanied by a certificate of conformity, the motion court properly exercised its discretion in allowing plaintiff to correct these defects nunc pro tunc (see CPLR 2106[a], 2309[c]; Bank of N.Y. v Singh, 139 AD3d 486, 487 [1st Dept 2016]; Solano v Ronak Med. Care, 114 AD3d 592, 593 [1st Dept 2014]). However, because plaintiff failed to follow the motion court's direction to similarly correct the affidavit of her handwriting expert, we do not consider the handwriting expert's affidavit.
Nonetheless, even considering the medical experts' opinions, the medical malpractice claim should have been dismissed. Although plaintiff initially claimed that no septoplasty was performed at all, the undisputed record establishes that Dr. Kassir removed some portion of the septum. In response to defendants' summary judgment motion plaintiff argued for the first time that the septoplasty portion of the surgery was not "complete or competent" insofar as it did not correct her breathing problems. This new theory of departure from the standard of care, raised in opposition to summary judgment, should not have been considered by the motion court (see Ostrov v Rozbruch, 91 AD3d 147, 154 [1st Dept 2012]; Abalola v Flower Hosp., 44 AD3d 522, 522 [1st Dept 2007]). Additionally, plaintiff's otolaryngology expert failed to meaningfully address defendants' expert's opinion regarding proximate causation (see Mulroe v New York-Presbyt. Hosp., 203 AD3d 665, 665 [1st Dept 2022]; Abalola, 44 AD3d at 522).
The breach of contract claim should also [*2]have been dismissed, as there is no evidence of the breach of any specific promise to accomplish some definite result (see generally Scalisi v New York Univ. Med. Ctr., 24 AD3d 145, 147 [1st Dept 2005]). Plaintiff admitted at her deposition that defendants did not guarantee any particular result, promising only to fix her breathing issues to the extent caused by her deviated septum, which might not be their cause. The record establishes that plaintiff's breathing issues resolved after a subsequent surgery by another surgeon on her sinuses and other portions of her nasal anatomy that were not within the scope of the septorhinoplasty performed by Dr. Kassir.
The lack of informed consent claim should also have been dismissed. Plaintiff contends that one set of electronically generated consent forms in her chart — allegedly signed on a tablet at a pre-operative visit  contain a forged signature, and forged initials. The same signature and initials appear repetitively in these electronic forms, including in blanks meant to be signed by health professionals. Defendants contend that the repetitive insertion of this signature and initials in the forms, including in blanks meant to be signed by others, was a software malfunction. Even if plaintiff did not sign the pre-operative visit consent forms, she signed the day-of-surgery consent forms. Plaintiff's emergency medicine expert does not dispute that this is sufficient to demonstrate informed consent, provided there was a prior, unrushed discussion of the risks with the doctor. Dr. Kassir could not recall if he was present at the pre-operative visit, but contemporaneous medical records documented that he had such discussions with plaintiff on at least two prior occasions, and plaintiff admitted that he informed her of the risks of surgery. Finally, plaintiff does not claim that she was not aware of any risks, or alternatives to surgery, or that she would not have gone forward with the surgery if she were properly informed (see generally Figueroa-Burgos v Bieniewicz, 135 AD3d 810, 811-812 [2d Dept 2016]; Eppel v Fredericks, 203 AD2d 152, 153 [1st Dept 1994]).
The forgery claim should also have been dismissed. Even if plaintiff's repetitious signature and initials populating the electronic forms were forged, and not simply the product of a software malfunction, she did not show any prejudice (see generally Matter of Hersh, 198 AD3d 763, 765 [2d Dept 2021]; Piedra v Vanover, 174 AD2d 191, 194 [2d Dept 1992]). Plaintiff was separately advised of the risks of and alternatives to surgery, and separately gave informed consent. The motion court posited that the signatures could have been forged "for the purpose of covering up the Kassir defendants' failure to perform a complete septo-rhinoplasty," but the record is clear that a septoplasty was performed, and the disputed consent forms are not relevant to the completeness or competence of the procedure.
The punitive damages request should also be dismissed, [*3]as the forgery is the only conduct that plaintiff claims warrants such an award.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2024