Richardson v Ky (2025 NY Slip Op 01882)

Richardson v Ky

2025 NY Slip Op 01882

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, Michael, JJ. 

Index No. 805308/17|Appeal No. 3986-3987|Case No. 2023-05570 2024-01313|

[*1]Remy Richardson, Plaintiff-Appellant,
v
Alex Ky, M.D., et al., Defendants-Respondents, Alan Garley, M.D., et al., Defendants. 

Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Erica M. Edwards, J.), entered on or about October 7, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Alex Ky, M.D. and The Mount Sinai Hospital for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 22, 2024, which denied plaintiff's motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.
Plaintiff failed to raise an issue of fact to defeat defendants' prima facie showing of entitlement to summary judgment dismissing the causes of action for medical malpractice and negligence (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Although conflicting expert opinions normally preclude an award of summary judgment, where, as here, an expert opinion is speculative, unsupported by an evidentiary foundation, or contradicted by the record, it should be given no probative force and is insufficient to withstand summary judgment (see id.; Bartolacci-Meir v Sassoon, 149 AD3d 567, 572-573 [1st Dept 2017]; Browder v New York City Health & Hosps. Corp., 37 AD3d 375, 376 [1st Dept 2007]; Wong v Goldbaum, 23 AD3d 277, 279-280 [1st Dept 2005]). Plaintiff's expert opined that plaintiff's colon surgery was unnecessary, but the expert misdescribed the procedure and mischaracterized the extent of plaintiff's colon resection. The expert also opined that plaintiff did not have an internal prolapse despite testimony and medical records reflecting that the prolapse was felt on examination and observed intraoperatively. The expert's opinion that performing the colon resection during the same procedure as a sacrouteropexy created a dirty surgical environment that increased the likelihood of adhesions is contradicted by the record. There was no bacterial contamination and no infection.
Moreover, Dr. Ky's role as colorectal surgeon was limited to performing the resection and all other aspects of the surgery were the purview and responsibility of the urogynecological surgeon. Thus, Dr. Ky cannot be liable for the decision to defer the rectocele repair or the mesh placement during the sacrouteropexy (see O'Toole v Goodman, 170 AD3d 615, 615 [1st Dept 2019]; Burtman v Brown, 97 AD3d 156, 161—162 [1st Dept 2012]).
Supreme Court also properly granted summary judgment dismissing the cause of action for lack of informed consent because plaintiff failed to raise an issue of fact (Public Health Law § 2805-d[1],[3]; Orphan v Pilnik, 66 AD3d 543, 544 [1st Dept 2009], affd 15 NY3d 907 [2010]). Plaintiff's medical records document that plaintiff was told of the risks of adhesions and the possible need for further surgeries. Plaintiff's deposition testimony that she did not recall whether such topics were discussed does not equate to a lack of informed consent. Indeed, a lack of memory is not a denial.
Furthermore, the [*2]court properly dismissed the complaint as against Mount Sinai. As plaintiff concedes, the hospital's only liability would be that of vicarious liability for Dr. Ky's conduct. The complaint was properly dismissed as against Dr. Ky and so to as against the hospital.
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025