■ STEPHEN H. REQUA et al., Appellants, v COOPERS & LYBRAND, Respondent. [756 NYS2d 43] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered December 7, 2001, dismissing the complaint and bringing up for review an order, same court and Justice, entered November 20, 2001, which granted defendant's motion to dismiss the complaint as time-barred, unanimously affirmed, without costs. Appeal from order entered November 20, 2001, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Any causes of action that plaintiffs may have against defendant sounding in malpractice, fraud, breach of contract and breach of fiduciary duty, based on defendant's alleged failure to conduct an audit, accrued in July 1993, at the latest, and were thus time-barred when plaintiffs' action was commenced in September 2000 (*see* CPLR 213 [2], [8]; 214 [6]). All the information alleged in the amended complaint was known or easily available to plaintiffs as early as July 1993. Plaintiffs then knew that the audit had not been completed, that Banner International Company, the subject of the audit, had been placed in receivership, and that defendant had not informed plaintiffs that the audit had been delayed.

Contrary to plaintiff's contention, title VIII of the New York Education Law (Education Law § 6500 *et seq.*), which provides for the regulation of the admission to and practice of certain professions, does not provide for a private right of action by an individual who sustains damages as a result of professional misconduct defined therein. Concur—Andrias, J.P., Saxe, Rosenberger, Williams and Gonzalez, JJ.