■ MIRTA E. RAMIREZ, as Executrix of NARCIZA TORRES, Deceased, Appellant, v ALCEDO CRUZ, M.D., et al., Respondents, et al., Defendants. [938 NYS2d 540]—

In this medical malpractice action, plaintiff, as executrix of the estate of Narciza Torres, alleges that defendants-respondents doctors departed from good and accepted medical practice by failing to timely diagnose Torres with colon cancer, which had metastatized to her liver and caused her death. Defendants-respondents met their prima facie showing that they did not depart from good and accepted practice by submitting their deposition testimony, plaintiff's hospital and medical records, and their detailed affidavits showing that their treatment of plaintiff complied with good and accepted standards of medical practice (*see Joyner-Pack v Sykes*, 54 AD3d 727, 729 [2008]; *Toomey v Adirondack Surgical Assoc.*, 280 AD2d 754, 755 [2001]).

Plaintiff failed to raise triable issues of fact. The expert affidavit of her hematologist/oncologist stating that defendants deviated from good and accepted practice lacked supporting facts and, therefore, was conclusory (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). The expert affidavit of her internist/gastroenterologist, whose name has been redacted, was similarly conclusory, and also was flawed by its misstatements of the evidence and unsupported assertions (*see Wong v Goldbaum*, 23 AD3d 277 [2005]).

We have reviewed the remaining contentions and find them to be unavailing. Concur—Freedman, J.P., Sweeny, Renwick, DeGrasse and Román, JJ.