■ ANDRE DASENT, Appellant, v WILLIAM S. SCHECHTER, M.D., et al., Respondents, et al., Defendants. [944 NYS2d 556]—

Judgment, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about April 19, 2011, to the extent appealed from as limited by the briefs, dismissing the complaint as against defendants-respondents, and bringing up for review an order, same court and Justice, entered March 28, 2011, which, to the extent appealed from, granted defendants-respondents' motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting detailed expert affidavits averring that the treatment of decedent did not deviate from good and accepted medical practice (*see Ramirez v Cruz*, 92 AD3d 533, 533 [2012]).

In opposition, plaintiff failed to raise a triable issue of fact. His expert opined that defendants should have known that decedent had an extreme sensitivity to the anesthesia agent that was used during decedent's open-heart surgery, because he had experienced a bad reaction to a much smaller amount of the same drug in a prior heart catheterization procedure. However, the decedent's medical records contain no evidence of a "bad reaction" during the prior procedure; rather, the records indicate that the decedent tolerated the procedure well. Thus, plaintiff's expert's affidavit, which contradicts the record, is insufficient to defeat defendants' motions for summary judgment (*see Fleming v Pedinol Pharmacal, Inc.*, 70 AD3d 422 [2010]). Plaintiff's expert's opinion that there must have been a bad reaction, since a vasodilator was administered during the procedure, is speculative and unsupported by the evidence (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). Concur—Tom, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.