Kaspiev v Pankova (2020 NY Slip Op 00362)





Kaspiev v Pankova


2020 NY Slip Op 00362


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


800008/14 -8477 -8480

[*1] Kalman Kaspiev, Plaintiff-Appellant,
v
Irina Pankova, M.D., et al., Defendants-Respondents.


Kalman Kaspiev, appellant pro se.
Matturro & Associates, Westbury (Joseph Brenner of counsel), for respondents.



Appeal from order, Supreme Court, New York County (Joan A. Madden, J.), entered September 22, 2017, which granted defendants' motion for summary judgment dismissing the complaint, deemed an appeal from the judgment, same court and Justice, entered October 25, 2017 (CPLR 5520[c]), dismissing the complaint, and, so considered, said judgment unanimously affirmed, without costs.
Plaintiff contends that he suffered corneal edema, which required cornea transplant surgery, and loss of vision in his right eye as a result of an Ex-Press glaucoma shunt surgery performed by defendants. On appeal, plaintiff fails to provide any basis for disturbing the motion court's dismissal of his malpractice and informed consent claims. Rather, plaintiff merely reiterates that defendants are responsible for his corneal edema and vision loss.
Plaintiff's allegation that Dr. Pankova fraudulently held herself out as holding a Doctor of Medicine (M.D.) degree is contradicted by the record, which demonstrates that Dr. Pankova received an M.D. from a foreign medical school and is licensed to practice medicine in New York under a domestically awarded Doctor of Osteopathy (D.O.) degree (see Matter of Lobacz v Sobol , 171 AD2d 174, 177 [3d Dept 1991], citing Matter of New York State Osteopathic Socy. v Allen , 26 NY2d 20, 25 [1970]). In any event, such an allegation of professional misconduct does not give rise to a private right of action (Requa v Coopers & Lybrand , 303 AD2d 159 [1st Dept 2003]).
Kalman Kaspiev v Irina Pankova, M.D. M-8477 - Motion, in effect, to compel an admission from defendant Irina Pankova, M.D. denied. M-8480 - Motion to adjourn appeal denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK