Ruiz v Rahman (2020 NY Slip Op 02970)





Ruiz v Rahman


2020 NY Slip Op 02970


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


11539 24582/13E

[*1] Maria E. Ruiz, Plaintiff-Respondent,
v
Riaz Rahman, M.D., et al., Defendants-Appellants, Maya Aponte, M.D., et al., Defendants.


KL Rotondo & Associates Rye (Kathi Libby Rotondo of counsel), for
Riaz Rahman, M.D., appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Christopher Simone of counsel), for Bronx East Urgent Care Center and Montefiore Medical Center, appellants.
Krentsel & Guzman, LLP, New York (Marcia K. Raicus of counsel), for respondent.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered January 2, 2019, which denied the motions of Riaz Rahman, M.D., Bronx East Urgent Care Center and Montefiore Medical Center for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
Defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting detailed expert affidavits averring that Dr. Rahman's treatment of plaintiff did not deviate from good and accepted medical practice (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Ramirez v Cruz, 92 AD3d 533 [1st Dept 2012]).
In response, plaintiff failed to raise a triable issue of fact, as the affidavit from his expert set forth only general conclusions, misstatements of evidence and unsupported assertions which were insufficient to demonstrate that Dr. Rahman's treatment of plaintiff failed to comport with accepted medical practice, or that such failure was proximate cause of plaintiff's injuries (Ramirez at 533; Dasent v Schechter, 95 AD3d 693 [1st Dept 2012]; Coronel v New York City Health & Hosp. Corp., 47 AD3d 456 [1st Dept 2008]). Indeed, while the expert averred that Dr. Rahman showed "little to zero concern that plaintiff was developing endocarditis," the records reflect that Dr. Rahman considered various infections in his differential diagnosis, and ordered, inter alia, blood cultures, chest X-rays and an echocardiogram, the very tests leading to plaintiff's diagnosis of endocarditis. Moreover, plaintiff's expert failed to address that the delay in obtaining blood cultures was in part due to plaintiff's own failure to appear for a blood draw until twelve days after defendant doctor ordered it. Plaintiff's expert also failed to address the opinion [*2]of defendant's expert, an infectious disease specialist, that plaintiff's valve damage was not due to the infection at issue, but by a second infection, by a different bacteria, as evidenced by her medical records (see Abalola v Flower Hosp., 44 AD3d 522, 522 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK