McGonnigal v Deiner (2021 NY Slip Op 00496)





McGonnigal v Deiner


2021 NY Slip Op 00496


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Acosta, P.J., Webber, Oing, Scarpulla, JJ. 


Index No. 805256/14 Appeal No. 12971 Case No. 2019-05383 

[*1]Anne-Marie McGonnigal, Plaintiff-Appellant,
v
Stacie G. Deiner, M.D., Defendant-Respondent, Peter J. Taub, M.D., et al., Defendants.


Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondent.



Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered November 26, 2019, dismissing the complaint against defendant Stacie G. Deiner, M.D., unanimously affirmed, without costs.
Defendant Deiner made a prima facie showing that she did not depart from good and accepted standards of medical practice in her treatment of plaintiff, and plaintiff failed to raise an issue of fact in opposition (see e.g. Ramirez v Cruz, 92 AD3d 533 [1st Dept 2012]). Defendant's expert anesthesiologist, relying on evidence in the record, opined that defendant correctly monitored plaintiff's hemodynamic stability throughout her surgery, a craniotomy that successfully removed a meningioma, administering vasoconstrictors when appropriate to support plaintiff's blood pressure. Both the anesthesiologist and defendant's expert ophthalmologist opined that plaintiff's post-surgical vision loss was not caused by an ischemic event during surgery and that the diagnostic testing revealed no evidence that the optic nerve was damaged due to a compromised blood flow.
Plaintiff failed to raise a factual issue. Plaintiff's expert did not address that there was a lack of evidence that an ischemic event occurred during surgery, that diagnostic testing showed no evidence that blood flow to the left optic nerve was interrupted, that there was bruising of the left intra orbital, or that plaintiff's vision loss, which was unilateral and improved significantly in a short time, was not consistent with the type of damage caused by an ischemic event (see Abalola v Flower Hosp., 44 AD3d 522 [1st Dept 2007]; see also Homan v David Seinfeld, M.D., PLLC, 164 AD3d 1147, 1148 [1st Dept 2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021