Rizzo v Estate of Polifrone (2021 NY Slip Op 01731)





Rizzo v Estate of Polifrone


2021 NY Slip Op 01731


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Index No. 300955/09 Appeal No. 13401-13401A Case No. 2019-03284 

[*1]Angelique Rizzo, Plaintiff-Appellant,
v
Estate of Joseph C. Polifrone, M.D., et al., Defendants-Respondents, Anthony Polifrone, Defendant.


Phyllis Gelman & Associates, LLC, New York (Katrina M. Jones of counsel), for appellant.
Martin Clearwater & Bell LLP, East Meadow (Gregory A. Cascino of counsel), for Estate of Joseph C. Polifrone, M.D., respondent.
Koster, Brady & Nagler, LLP, New York (Danielle N. Bennett of counsel), for Anna Rose Polifrone, M.D., respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about June 12, 2019, which granted the motion of defendant Estate of Joseph Polifrone, M.D. for summary judgment dismissing plaintiff's complaint against him, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 8, 2019, which granted the motion of defendant Annarose Polifrone, M.D. for summary judgment dismissing plaintiff's complaint against her, unanimously affirmed, without costs.
Plaintiff, who alleges that she was assaulted by defendant Anthony Polifrone while he performed physical therapy at the office of Dr. Joseph C. Polifrone, and while she was under the care of Dr. Annarose Polifrone, failed to adduce any evidence that Anthony had a propensity for such behavior and that defendant doctors were aware of it (see Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933 [1999]; G.G. v Yonkers Gen. Hosp., 50 AD3d 472 [1st Dept 2008]; T.W. v City of New York, 286 AD2d 243 [1st Dept 2001]). Plaintiff's assertion that she may nonetheless recover pursuant to the New York City Human Rights Law is unpersuasive, as such an interpretation is in conflict with the established body of law finding that an employer is generally not responsible pursuant to respondeat superior for assaults committed by their employees (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251 [2002]). As for plaintiff's allegations that the doctors violated title VIII of the Education Law, no private right of action exists under the provision (see Kaspiev v Pankova, 179 AD3d 513 [1st Dept 2020]; Requa v Coopers & Lybrand, 303 AD2d 159 [1st Dept 2003]).
Plaintiff's claims of medical malpractice were also properly dismissed, as she proffered no expert opinion in support to rebut defendants' prima facie showing that nothing either doctor did was outside good and accepted medical practices (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Ramirez v Cruz, 92 AD3d 533 [1st Dept 2012]). Plaintiff argues on appeal that she has a valid claim for lack of informed consent, but she pleaded no such claim, which is separate and distinct from general allegations of medical negligence (see Jolly v Russell, 203 AD2d 527 [2d Dept 1994]; Dodes v North Shore Univ. Hosp., 149 AD2d 455 [2d Dept 1989]). Even if pleaded, the claim would also be subject to dismissal, as plaintiff failed to proffer an expert opinion establishing that the information disclosed to her about the risks inherent in any procedure performed by the doctors was qualitatively insufficient (see Rodriguez v New York City Health & Hosps. Corp., 50 AD3d 464 [1st Dept 2008]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021