Nazario v Mount Sinai Beth Israel (2022 NY Slip Op 01273)





Nazario v Mount Sinai Beth Israel


2022 NY Slip Op 01273


Decided on March 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 01, 2022

Before: Gische, J.P., Oing, Kennedy, Mendez, JJ. 


Index No. 805623/15 Appeal No. 15406 Case No. 2021-00431 

[*1]Lisette Nazario, as Administrator of the Estate of Francisca Cruz, Deceased, et al., Plaintiff-Respondent-Appellant,
v
Mount Sinai Beth Israel, et al., Defendants-Respondents, Dewitt Rehabilitation and Nursing Center, Inc., et al., Defendants-Appellants-Respondents.


Mauro Lilling Naparty, LLP, Woodbury (Anthony F. DeStefano of counsel), for DeWitt Rehabilitation and Nursing Center, Inc., appellant-respondent.
Kaufman Borgeest & Ryan LLP, New York (Eldar Mayouhas of counsel), for Daniel Klein, M.D., appellant-respondent.
The Law Offices of Fishman and Cabrera, Melville (Robert D. Martin of counsel), for Jessica Silverstein, FNP, appellant-respondent.
Law Office of Robert F. Danzi, Jericho (Christine Coscia of counsel), for respondent-appellant.
McAloon & Friedman, P.C., New York (Gina Bernardi Di Folco of counsel), for respondents.



Order, Supreme Court, New York County (George J. Silver, J.), entered July 21, 2020, which denied the respective motions for summary judgment of defendants Daniel Klein, M.D., DeWitt Rehabilitation and Nursing Center, Inc. (DeWitt), and Jessica Silverstein, FNP, and granted the summary judgment motion of defendants Jock Avolio, M.D., Felix Karafin, M.D., and Mount Sinai Beth Israel Medical Center (Mt. Sinai, and collectively with Dr. Avolio and Dr. Karafin , the Mt. Sinai defendants), unanimously modified, on the law, to grant the motions of defendants Klein, DeWitt and Silverstein, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
Although the anti-hypertensive medication given to decedent following her stroke while admitted to Mt. Sinai was for a limited duration, there is no evidence that her blood pressure rose above a clinically significant level between transfer from Mt. Sinai to sub-acute rehabilitation facility DeWitt. Thus, the opinion of plaintiff's expert that her death was caused by uncontrolled blood pressure is fundamentally flawed in that his premise is contradicted by the record (see Dasent v Schechter, 95 AD3d 693 [1st Dept 2012]; Ramirez v Cruz, 92 AD3d 533 [1st Dept 2012]). In that decedent's blood pressure was not elevated when FNP Silverstein performed an intake physical at DeWitt, when she was seen at DeWitt by Dr. Klein, or on any day in between, not prescribing an anti-hypertensive was not a deviation from good and accepted medical practice. That DeWitt, after three days of normal blood pressure readings, would initial decedent's records that daily checks were performed and were not clinically significant, rather than document the specific values, is not evidence that the tests were not performed (see Melendez v Parkchester Med. Servs., P.C., 76 AD3d 927 [1st Dept 2010]; Krapivka v Maimonodes Med. Ctr., 119 AD2d 801 [2d Dept 1986]). Notably, when Dr. Klein took decedent's blood pressure six days after admission, he documented normal values. Given the foregoing, the motion court correctly dismissed this action as to the Mt. Sinai
defendants but should have also dismissed the action as to Dr. Klein, FNP Silverstein, and DeWitt as well.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 1, 2022