Pittelli v MacGillivray (2023 NY Slip Op 06322)

Pittelli v MacGillivray

2023 NY Slip Op 06322

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Webber, J.P., Scarpulla, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 805304/14 Appeal No. 1170 Case No. 2023-02610 

[*1]Frank Pittelli et al., Plaintiffs-Appellants,
v
John MacGillivray et al., Defendants-Respondents.

Rebore, Thorpe & Pisarello, P.C., Farmingdale (Michelle S. Russo of counsel), for appellants.
Vigorito, Barker, Patterson, Nicholas & Porter, LLP, New York (Bhalinder L. Rikhye of counsel), for John MacGillivray and Hospital for Special Surgery, respondents.
Wagner, Dorman, Leto & DiLeo, P.C., Mineola (Ingrid M. Rodriguez of counsel), for Stuart Chale, M.D., Stony Brook Emergency Physicians, and University Faculty Practice Corporation, respondents.

Order, Supreme Court, New York County (Erika M. Edwards, J.), entered April 18, 2023, which granted defendants' respective motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this medical malpractice action, plaintiffs claim that defendants failed to properly diagnose and treat a ruptured triceps tendon, and that the delay in diagnosis resulted in a loss of the chance of full recovery.
The court correctly found that defendants' experts made a prima facie showing that defendant doctors did not deviate from good and accepted practice in their treatment of plaintiff (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition, plaintiffs failed to raise triable issues of fact.
Plaintiffs' experts assert that defendants failed to perform a proper physical examination of plaintiff, but those assertions are essentially based on the proposition that defendant doctors were intentionally incorrect in their testimony concerning the relevant medical records and their notations therein, and without any record evidence in support of that contention (see Ramirez v Cruz, 92 AD3d 533, 533 [1st Dept 2012]). The cases plaintiffs rely upon wherein the medical records contain diagnostic testing or other similar evidence supporting a claim of malpractice are distinguishable (see e.g. Shewbaran v Laufer, 177 AD3d 510, 511 [1st Dept 2019]; Hernandez v Eachempati, 190 AD3d 552, 553 [1st Dept 2021]).
Plaintiffs' claim that the mechanism of plaintiff's fall warranted further investigation into the possibility of a triceps tendon rupture via MRI, i.e., a fall on outstretched hand followed by a "pop" noise, is also unsupported in the record, as none of plaintiff's medical records with either defendant doctors or other nonparty physicians seen by plaintiff contain such a description of the accident.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2023