| Utica First Ins. Co. v Wayne's Eco-Friendly Solutions LLC |
|:---:|
| 2024 NY Slip Op 32374(U) |
| July 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154187/2020 |
| Judge: Margaret A. Chan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. MARGARET A. CHAN
                                                    _Justice_

---------------------------------------------------------------------X

UTICA FIRST INSURANCE COMPANY AS SUBROGEE
OF TRAK FOOD INC. T/A BROADWAY RESTAURANT,

                                Plaintiff,

                        - v -

WAYNE'S ECO-FRIENDLY SOLUTIONS LLC,MASTER
FIRE SYSTEMS INC.

                                Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| PART | 49M |
| INDEX NO. | 154187/2020 |
| MOTION DATE | 10/12/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42

were read on this motion to/for             JUDGMENT - SUMMARY             .

Upon the foregoing documents, it is

This action arises out of a fire on January 1, 2018, at a restaurant known as Broadway Restaurant located at 215 W. 101 Street in the city, state, and county of New York. This action is a companion case to another action under 162422/2019 captioned _Argonaut Insurance Company a/s/o 839 West End Inc. and NIV Realty v Wayne's Eco-Friendly Solutions, LLC and Master Fire Systems, Inc._ By order dated April 26, 2021, these two cases were consolidated for discovery and joint trial (Index No. 162422/2019 – NYSCEF # 80). The instant Decision and Order addresses Motion Sequence 001 in the instant action as well as Motion Sequence 005 in the related case under Index No. 162422/2019.

In the first-filed action under Index No. 162422/2019 (Case 1), plaintiff is Argonaut Insurance Company (Argonaut), the insurer for 839 West End Inc. and NIV Realty (Owner), owner of the building that housed Broadway Restaurant (the Restaurant). Argonaut, as suborgee of Owner, sue defendants Trak Food Inc. d/b/a Broadway Restaurant (Trak), the owner of the Restaurant; Master Fire Service System Inc. (Master Fire), the fire suppression system servicer for the Restaurant; and Wayne's Eco Friendly Solution LLC (Wayne's Eco-Friendly), the Restaurant's kitchen exhaust service contractor. Argonaut alleges that defendants' negligence caused and contributed to the fire. Defendants crossclaims against each other for indemnification.

154187/2020  UTICA FIRST INSURANCE vs. WAYNE'S ECO-FRIENDLY
Motion No.  001

Page 1 of 8

In the second-filed action under Index No. 154187/2020 (Case 2), Utica First Insurance Company (Utica), as subrogee of Trak, sues Master Fire and Wayne's Eco-Friendly for the same incident based on the same negligence allegations. Defendants crossclaims against each other for indemnification.

In the two motions now before this court, defendant Wayne's Eco-Friendly moves under CPLR 3212 for summary judgment dismissing the complaint and the crossclaims in each action; the same briefs, exhibits, and affidavits are submitted for both motions (*see* Case 1, NYSCEF # 98, Wayne's Eco-Friendly Aff in Support [MS005]; Case 2, NYSCEF # 22, Wayne's Eco-Friendly Aff in Support [MS001]). Argonaut and Utica respectively oppose the motions (Case 1, NYSCEF # 118, Argonaut Opp; Case 2, NYSCEF # 39, Utica Opp). Co-defendant Trak, in Case 1, also opposes Wayne's Eco-Friendly's motion (Case 1, NYSCEF # 115, Trak Opp). The three sets of opposition papers are essentially the same. This body of this Decision and Order apply to both motions.

For the reasons below, defendant Wayne's Eco-Friendly's respective motions for summary judgment in Case 1 and Case 2 are granted.

## Background

During the relevant times, Trak, doing business as Broadway Restaurant was housed on the first floor of the Building at 215 W. 101st Street but had the address as 2664 Broadway (Index No. 162422/2019 [Case 1], NYSCEF # 1, Argonaut Complaint, ¶¶ 4-6; Index No. 154187/2020 ["Case 2"], NYSCEF # 1, Utica Complaint, ¶¶ 2, 5). Trak is owned and controlled by Evangelos Arsenis (E. Arsenis) and Christos Arsenis (Christos) (Case 1, NYSCEF # 107, Evangelos tr, at 9:12 - 11:8). Trak is insured by Utica (Case 2, NYSCEF # 1, ¶¶ 1, 2, 6).

Wayne's Eco-Friendly regularly cleaned the Restaurant's kitchen exhaust system as required by city code (Case 1, NYSCEF # 98, ¶ 2; NYSCEF # 97, Wayne's Eco-Friendly Statement of Fact, ¶ 2). At the end of each third month, Wayne's Eco-Friendly would schedule a cleaning with the Restaurant (Case 2, NYSCEF # 32, Dantes tr at 28:17–30:23). Wayne's Eco-Friendly usually dealt with Christos at Trak; Christos has since passed away (Case 2, NYSCEF # 31 - E. Arsenis tr - at 24:13-21).

On December 3, 2017, Wayne's Eco-Friendly cleaned the Restaurant's kitchen exhaust system (Dantes tr at 94:9-19). As part of the cleaning process, Wayne's Eco-Friendly employees inserted long poles with scrubbers into the ducts from both the hood inside the Restaurant and the exterior vent, extending them as far as possible (*id.* at 43:7–46:20). However, due to the length of the duct, certain areas remained inaccessible (*id.*). Alternative methods of kitchen exhaust system cleaning, such as water pressure, cannot be used at the Restaurant because the duct was not welded properly, leading to water leakage from the ceiling and

**154187/2020  UTICA FIRST INSURANCE vs. WAYNE'S ECO-FRIENDLY**                    **Page 2 of 8**
**Motion No.  001**

2 of 8

creating hazardous conditions (*id.* at 46:21–48:22). Wayne Dantes, president of Wayne's Eco-Friendly, verbally informed Christos about the existence of these inaccessible areas; this information was confirmed in a work order given to Trak after the cleaning (*id.* at 43:8–10, 87:11-24). The work order, attached as an exhibit to Wayne's Eco-Friendly's motions, states that "all work has been performed to my satisfaction" and is signed by Christos (Case 1, NYSCEF # 113 at *1; Case 2, NYSCEF # 37 at *1).

Just about a month later, on January 1, 2018, the Restaurant caught fire (Case 1, NYSCEF # 106; Case 2, NYSCEF # Pltf's Expert Report, at *3). Evangelos testified that Christos had closed the Restaurant around 10:00 pm on January 1, 2018 (Case 1, NYSCEF #107, Arsenis tr at 40:24–41:9). According to Argonaut's expert, Brian Canova, the fire started at approximately 10:58 pm (Case 1, NYSCEF # 106 at *5). Around 1:00 am on January 2, 2018, Evangelos received a call from the landlord informing him of the fire and asking him to come to the premises (Case 1, NYSCEF # 107 at 16:21–18:5). When he arrived, Evangelos saw firefighters and noticed many broken things, including the duct (*id.* at 18:11-20). However, he was not allowed to enter the Restaurant (*id.*). Evangelos also testified that no one communicated to him the cause of the fire (*id.* at 20:18 – 21:3).

Because the fire caused damage to both the Restaurant and the Building itself, Argonaut and Utica each claim, as relevant to the instant motions, that Wayne's Eco-Friendly negligently failed to properly clean the Restaurant's kitchen exhaust system allowing the fire to grow (Case 1, NYSCEF # 1 ¶¶ 13, 16, 17; Case 2, NYSCEF #1 ¶¶ 16-19, 23, 14).

On November 1, 2022, Argonaut produced a 70-page expert report from Brian Canova, CFEI (the Canova Report), opining on the "Origin and Cause" of the fire (Case 1, NYSCEF # 106, Canova Report, at *5; Case 2, NYSCEF # 30, at *5). The Canova Report included: the FDNY's Incident Report, a Bureau of Fire Investigation Fire Incident Report, joint fire scene sign-in sheets from January 30 and 31, 2018, an evidence log, and an evidence examination sign-in sheet from June 8, 2021 (*id.* at *6).

The Canova Report is based on hypotheses regarding the fire's origin, supported by data collected and analyzed from the fire scene (*id.* at *39). The report confirms that examinations were conducted at the accident site, with each finding supported by attached photos (*id.* at *6). Canova took part in two "joint fire scene examinations" on January 30 and 31, 2018 (*id.* at *6, *25).

Canova concluded that both Trak and Master Fire bore some responsibility for the cause and spread of the fire. Regarding Trak, Canova concluded that the Trak caused the fire by leaving the grill running overnight. Canova's Report incorporates Fire Marshal Stephen Balsamo's Fire Incident Report dated January 27, 2018 (*id.* at *6). Balsamo wrote that upon entering the scene, he discovered the

**154187/2020  UTICA FIRST INSURANCE vs. WAYNE'S ECO-FRIENDLY**          **Page 3 of 8**
**Motion No.  001**

3 of 8

flattop griddle on fire (*id.* at *6). Balsamo concluded that the fire originated at the flattop griddle and the cause was cooking carelessness (*id.* at *8, *37). Additionally, Canova conducted a directional and sequential fire pattern analysis during the examination, ultimately agreeing with Balsamo's conclusion, that "the fire originated at the flattop griddle/broiler appliance" (*id.* at *16).

The Canova report also concluded that Master Fire "neglected to take the necessary measures to assure the restaurant's fire extinguishing system (FES) at the Restaurant was in good working order" (*id.* at *40). Specifically, in the Report's "Responsibility Determination" section, Canova noted in the report that despite knowing that the system was non-compliant, Master Fire continued to provide services to Trak, that the fusible links in the FES were old and doubted that they were ever replaced (*id.* at *40). Canova also found that Master Fire attached misleading testing and service compliance (*id.* at *41). Canova determined that although the fire started because the "gas-fueled flattop griddle was left in the 'ON' position," the FES system failed because "the mechanical gas valve did not close as intended and the broiler nozzle was plugged/clogged" (*id.* at *40). Canova concluded that "[t]he failure of Master Fire Systems, Inc., to properly service the *FES and*/or take appropriate actions to assure the *FES* would operate as intended was a contributing factor to the spread of the fire and ensuing damages" (*id.* at *42-*43).

Notably, the Canova Report did not mention Wayne's Eco-Friendly at all. Thus, relying primarily on Canova Report, Wayne's Eco-Friendly filed for summary judgment in both actions (Case 1, NYSCEF # 98; Case 2, NYSCEF # 39). Wayne's Eco-Friendly points out that the Canova Report demonstrates that Wayne's Eco-Friendly was not at fault because the investigation did not attribute fault to Wayne's Eco-Friendly or mention Wayne's Eco-Friendly at all (*id.* ¶ 5). Instead, the Canova Report clearly stated that Master Fire and Trak were responsible for the origin and spread of the fire.

In separate filed but similar oppositions, Trak and Utica rely primarily on the affidavit of Bruce Rottner, a consultant specializing in wet chemical fire extinguishing systems, commercial hood, and duct systems (Case 1, NYSCEF # 115; Case 2, NYSCEF # 39). As noted in the Canova Report, Rottner, investigating on behalf of Utica, was present at both joint fire scene examinations (Case 1, NYSCEF # 106, at *6). The Canova Report described Rottner as "the lead expert in regard to the kitchen hood exhaust system and FES" (*id.*). Argonaut, also relying on Rottner's affidavit, posits that Rottner's report has enough credibility to show Wayne's Eco-Friendly's failure to properly clean the Restaurant's exhaust ventilation system contributed to the spread of the fire (Case 1, NYSCEF # 118).

In Rottner's observations of the Restaurant's kitchen exhaust system, Rottner noted grease staining on the duct's insulation, oxidation along the duct's bottom indicating fire damage, and layers of grease throughout the system (Case 1, NYSCEF # 116 and Case 2, NYSCEF # 40, Rottner aff ¶¶ 8-10). He stated that

**154187/2020   UTICA FIRST INSURANCE vs. WAYNE'S ECO-FRIENDLY**                **Page 4 of 8**
**Motion No. 001**

considering that the exhaust system that was cleaned only three weeks prior to the fire, the grease levels were inconsistent with proper cleaning as mandated by the New York City Fire Prevention Code (*id.* ¶ 14). Rottner concluded that if Wayne's Eco-Friendly cleaned the system to bare metal, as required, the severity and spread of the fire could have been mitigated (*id.* ¶ 22). Annexed to Rottner's affidavit are exhibits pertaining to Evidence/Artifact Collection Information listing 14 items collected on January 31, 2018 (exh 2; sections of the NYC Fire Code 2014 and NYC Mechanical Code 2014 (exh 3 and 4), sections of Recirculating Systems (exh 5), three photographs of certain structures in the ceiling purportedly to support (exh 6), Wayne Eco Friendly work order # 7560, dated 12/3/2017 (exh 7), and pages 5 and 2, as presented, of an information packet (exh 8) purportedly to support his point that the hood did not have an informational sticker indicating the last and next scheduled cleaning dates (*id.* ¶ 15).

Wayne's Eco-Friendly, in reply, argues that Rottner's affidavit is conclusory and speculative, and is insufficient to raise a triable issue of fact regarding negligence on the part of Wayne's Eco-Friendly (Case 1, NYSCEF # 120, Wayne's Eco-Friendly Reply Aff; Case 2, NYSCEF # 42, Wayne's Eco-Friendly Reply Aff.).

## Legal Standard

A party moving for summary judgment must make prima facie showing that it is entitled to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Once that showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issue of fact which require a trial of the action (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist (*see Pearson v Dix McBride, LLC,* 63 AD3d 895, 895 [2d Dept 2009]). On a motion for summary judgment, facts must be viewed in the light most favorable for the non-moving party (*see Vega v Restani Constr. Corp,* 18 NY 3d 499, 503 [2012]).

## Discussion

Argonaut, Trak, and Utica do not—and cannot—dispute that Wayne's Eco-Friendly established prima facie entitlement to judgment as a matter of law through, among other things, the Canova Report, the deposition testimony, fire accident reports, and a CFEI investigation at the Broadway Restaurant. As Wayne's Eco-Friendly asserted, the Canova Report shows no causal connection between Wayne's Eco-Friendly services and the fire that occurred in the Restaurant's kitchen. Canova's findings, drawn from an on-site investigation and the FDNY incident report, determined the fire originated from ignitable cooking oil/grease by the stove/deep fryer, spreading to the hood and ductwork (Canova

**154187/2020  UTICA FIRST INSURANCE vs. WAYNE'S ECO-FRIENDLY**
**Motion No.  001**

**Page 5 of 8**

5 of 8

Report at *35). Canova's detailed findings are supported by photos and explanation, testing, and examination methods employed during the investigation into the fire's origin and contributory factors (*id.*). The report attributes the fire's cause and spread to the negligence of Master Fire and Trak (*id.* at *36,*39,*41). No party challenges the findings of the Canova report.

But Argonaut, Trak, and Utica argue that Rottner's affidavit raises an issue of fact with respect to the amount of grease left after Wayne's Eco-Friendly cleaning job in January. Therefore, they conclude that because of the residual grease aided the spread of the fire, if Wayne's Eco-Friendly had done a thorough job, the severity of the fire would have been mitigated (Case 1, NYSCEF # 115, Trak opp ¶¶ 71-73; NYSCEF # 118; Case 2, NYSCEF # 39).

A review of Rottner's affidavit shows that Rottner's opinion consists of his observations, unsupported assertions, and unexplained findings. While Rottner annexes exhibits to his affidavit, the exhibits do not explain themselves, which to those who are not experts in the field of commercial kitchen exhaust, fire prevention, or equipment systems, these exhibits are not helpful. For example, Rottner's list of 14 items on the Evidence/Artifact Collection Information sheets is not always what items pertain to Wayne's Eco-Friendly cleaning that are at issue. This court cannot venture a guess as to whether the nozzles or ducts collected pertain to Wayne's Eco-Friendly or whether Rottner examined them for his affidavit on these two motions.

While Rottner asserts that "the amount of grease present throughout the system was inconsistent with an exhaust system that was last cleaned only three (3) weeks before the Fire to bare metal . . ." (*id.* at ¶ 14), Wayne's Eco-Friendly's undisputed evidence shows that the last cleaning was on December 3, 2017 and the fire occurring at 10:58 pm on January 1, 2018. This calculates to four weeks and one day between the last cleaning and the fire. Rottner's other points about the amount of grease in accessible and inaccessible openings in the ventilation system focuses on the three week timeline. Whether an additional week makes a difference is unknown, and this expert does not so indicate.

In any event, while Rottner asserts that inadequate cleaning by Wayne's Eco-Friendly led to the accumulation of grease, facilitating the spread of fire throughout the Restaurant's duct system, Rottner never clarified the methodology he employed during his inspection of the exhaust system, apart from his personal observation (*see id.* ¶¶ 14, 20-22). As Wayne's Eco-Friendly points out, Rottner does not attest to observing the grease in the inaccessible areas of the duct system, or to conducting any other relevant tests. Rottner also fails to support his affidavit with tangible evidence like photographs of the grease in the duct system (*see id.* ¶ 20). Given that Rottner supports other assertions in his affidavit with photographs, the absence of grease photos is especially noteworthy. Additionally, Rottner's affidavit lacks a factual basis for his assertions about the quantity of grease in the duct, despite

**154187/2020   UTICA FIRST INSURANCE vs. WAYNE'S ECO-FRIENDLY**                    **Page 6 of 8**
**Motion No. 001**

6 of 8

[* 6]

referencing FDNY cleaning standards (*id.* ¶ 13). Thus, Rottner's opinion that the grease accumulated in the duct is speculative and conclusory. Conclusions drawn from unsupported opinion evidence, lacking a factual foundation in the case record, are unsustainable and should not impact the outcome (*see Getty Oil Co. v State*, 33 AD2d 705, 706 [3d Dept 1969]). Additionally, an expert opinion that is contradicted by the record cannot defeat summary judgment (*see Dasent v Schechter*, 95 AD3d 693 [1st Dept 2012]).

As to Rottner's other points that that go to violations of the Fire Prevention Code and other codes or requirements, (i.e., "the exhaust hoods did not have stickers indicating the last and next scheduled cleaning dates . . ., as required by the Fire Department . . .[,]" (*id.* ¶ 15), Rottner does not explain how these violations by Wayne's Eco-Friendly, such as the lack of this informational sticker, caused or contributed to the fire.

For these reasons, the assertion of negligence against Wayne's Eco-Friendly, based on speculative and conclusory opinions by Rottner, does not raise any genuine issue over material fact. Even when viewing evidence in the non-movants' favor, the oppositions' evidence does not substantiate any material facts affecting Wayne's Eco-Friendly's prima facie case. Consequently, there is no basis to deny movant's respective motions for summary judgment.

Consequently, given this court's finding that Wayne's Eco-Friendly is not liable for the cause of or contribution to the fire, the crossclaims for indemnification and contribution asserted by codefendants Trak, Master Fire against Waynes's Eco-Friendly are dismissed (see *Mikelatos v Theofilaktidis*, 105 AD3d 822 [2d Dept 2013]). Finally, the crossclaims for contractual indemnification and breach of contract asserted by Trak and Master Fire are also dismissed, as there is no evidence of any contracts between Wayne's Eco-Friendly, Trak, and Master Fire.

## Conclusion

In view of the above, it is hereby

ORDERED that defendant Wayne's Eco Friendly Solution LLC's motion for summary judgment in Index No. 154187/2020 is granted in its entirety and the complaint and crossclaims as against Wayne's Eco-Friendly Solution LLC are dismissed; and it is further

ORDERED that defendant Wayne's Eco Friendly Solution LLC serve a copy of this order with notice of entry upon plaintiff Utica First Ins. Co. and co-defendants, and the Clerk of the Court within ten days of the date of this order; and it is further

**154187/2020   UTICA FIRST INSURANCE vs. WAYNE'S ECO-FRIENDLY**
**Motion No.  001**

**Page 7 of 8**

7 of 8

ORDERED that the Clerk of the Court is directed to enter judgment in favor of defendant Wayne's Eco Friendly Solution LLC, as written.

This constitutes the Decision and Order of the court.

MARGARET A. CHAN
J.S.C.

| 7/10/2024 | | | |
|---|---|---|---|
| DATE | | MARGARET A. CHAN, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

INDEX NO. 154187/2020

**154187/2020   UTICA FIRST INSURANCE vs. WAYNE'S ECO-FRIENDLY**
**Motion No. 001**

Page 8 of 8

8 of 8